PETER HACK, GEORGE HACK AND MARY TIBBITS v.
PHILETUS W. NORRIS AND WILLIAM J. WATERMAN.

*Appeals—Accounting for rents and profits—Interest on accounting.*

Where no appeal is taken from a decree which determines all matters
except an equity reserved for farther consideration and the only
appeal is from a subsequent decretal order determining the reserved
equity, the matters determined by the first decree are not open to
review on the appeal from the decretal order.

Where the heirs of a grantor obtain a decree setting aside the deed, the
accounting for rents and profits to which they may be entitled
should date from the grantor's death when the heirs would have
become entitled to the property ; but if the deed was obtained by
unconscionable means and the defendants purchased with notice,
the accounting may properly begin at the date of the deed itself
when the grantor came into possession and enjoyment of the
property.

The rule of law whereby a liability for *mesne* profits is limited to the
period of the statute of limitations does not necessarily apply to an
accounting for rents and profits under a decree setting aside a deed,
but as complainants are bound to do equity as a condition of relief
the accounting may cover the entire period during which the defend-
ant has held the property.

An accounting for rents and profits on one side and for taxes and
necessary expenses on the other cannot be so allowed as to cover
one period for one party and another for the other.

Where a commissioner was ordered on an accounting to compute the
amount due with interest and the parties waived the computation of
interest, there is no ground for an exception as to the allowance of
interest.

Interest upon rents of property and the unpaid value of its annual use
during such time as it is not rented is properly chargeable in a
decree for an accounting against defendants who had obtained the
property by unconscionable means and whose deed is vacated by the
decree.

Appeal from Superior Court of Detroit. Submitted
June 9. Decided October 12.

BILL to set aside deed. Defendants appeal. Affirmed.

*Charles M. Swift, Henry M. Campbell* and *Geo. V. N. Lothrop* for complainants. A prior decree cannot be assailed on appeal from a later one : *Shepherd v. Rice* 38 Mich. 556 ; the vendees of a *non compos* are constructively trustees for him : (1 Story Eq. Jur. § 228 ; 1 Perry on Trusts § 189 ; *Price v. Berrington* 7 Hare Ch. 394) ; and bound to account for rents and profits : 1 Story Eq. Jur. § 511 ; 2 Perry on Trusts § 872 ; *Harding v. Handy* 11 Wh. 103 ; *Allore v. Jewell* 94 U. S. 506 ; *Tracey v. Sacket* 1 Ohio St. 54 ; *Rumph v. Abercrombie* 12 Ala. 64 ; *Whelan v. Whelan* 3 Cow. 537 ; and the accounting runs from the time when the title accrued : *Dormer v. Fortescue* 3 Atk. 129 ; *Hicks v. Sallitt* 3 De. G. M. & G. 782 ; and see *Eldred v. Ryerson* 27 Mich. 526.

*Ward & Palmer* and *Levi T. Griffin* for defendants.

GRAVES, J. The material facts stated in the bill are in substance as follows : Margaret Hack being the wife of Jacob Hack obtained a decree of divorce from him in the circuit court for the county of Wayne about the year 1859, and thereafter intermarried with Leopold E. Taufkirch, and lived with him as his wife until her death. That said marriage was however void by reason of a prior and subsisting marriage of said Taufkirch. That said Jacob Hack and Margaret Hack are both dead, the latter having died on the 26th of March, 1870, and that complainants are their sole issue and the only surviving heirs at law as well of the one as of the other. That on or prior to November 17, 1868, the said Margaret was the absolute owner in her own right of lots nine and ten in block four of the western addition to the city of Detroit of part of the Cass farm, and that said lots were worth about $10,000. That during the time she lived with Taufkirch he treated her with great brutality and held her under his absolute control. That his cruelty broke her down in body and mind and so completely that in July, 1868, she was attacked with softening of the brain and paralysis, and became wholly insane and incompetent to transact business. That on said 17th of November, 1868,

said Margaret was living on the premises with said Taufkirch, and that he then took advantage of her helplessness and incompetency and coerced her to join him in executing a warranty deed thereof to the defendant Norris upon a consideration as expressed of $6500. That no part of said consideration was either paid to or received by her and that the deed was not her act, and that the defendant Norris was acquainted with all the facts. That possession was taken soon after by him and has since been retained by him and the defendant Waterman. That the latter on the 15th of June 1875, had full knowledge of the facts before mentioned affecting the validity of the transfer from said Margaret but nevertheless took a deed of the property from said Norris on that day. That complainants are informed that said Waterman paid nothing for said conveyance and received it merely for the purpose of facilitating a disposition by said Waterman (who is a real estate broker) for the benefit of Norris. That defendants have had the use and occupation since November 17, 1868, and have collected and received the rents amounting to a large sum and have not accounted therefor. That on the death of their mother, the said Margaret, the property descended to the complainants. The statements to excuse delay and the claims made for relief need not be noticed.

Such is the case made by the bill. The only matters in the answer which are now material are the denial of incompetency of complainants' mother, the allegation that the deed to Norris was in pursuance of an arrangement between her and Taufkirch to provide her with a separate living, the averment that whatever equity the complainants may have had originally had been lost by their laches, and that even if they should be held entitled to an accounting it ought not to be carried further back than six years next preceding the filing of the bill and in equity and justice should be confined to the six years next preceding the reference.

The parties went into evidence at great length and on the 19th of November, 1880, the cause was heard on the merits. The court, by a decree of that date, declared that the deed

of November 17, 1868, to Norris, and the deed of June 15, 1875, from Norris to Waterman were void, and ordered an accounting by the defendants of the rents, profits and income collected and received by the defendants since the 17th of November, 1868, and of the amount to which complainants were entitled for the use and occupation of the premises subsequent to the same date. The decree further required that the commissioner should ascertain the amount laid out by the defendants for taxes, insurance, improvements and necessary repairs and other disbursements if any during said time, and also that he should compute the interest upon the balance due at the end of each year in favor of complainants and the rents, profits and income over and above the amounts in such year expended for taxes, insurance and necessary repairs and improvements and other disbursements if any, at the rate of seven per centum per annum compounded with annual rests to the date of the decree. All further directions were reserved.

This decree was not appealed from or otherwise disturbed. The parties acquiesced. It determined all matters except the equity reserved and such determination has come to be the law of the case. December 8, 1880, the commissioner filed his report. The parties waived the computation of interest directed by the decree and it was not made.

The defendants filed nine exceptions, and on the 4th of January, 1881, a hearing was had on the report and exceptions, and the court overruled the exceptions and confirmed the report except as found inconsistent with the final order then made. And the case is now before this court by appeal on the part of the defendants from this last order, a copy of which appears below.*

---

*SUPERIOR COURT OF DETROIT—*In Chancery*.

At a session of the Superior Court of Detroit, held at the Superior Court room in the city of Detroit, on the fourth day of January, A. D. one thousand eight hundred and eighty-one.

Present, the Hon. J. Logan Chipman, Judge of the Superior Court of Detroit.

Peter Hack, George Hack and Mary Tibbits, complainants, v. Philetus W. Norris and William J. Waterman, defendants.

This cause coming on to be heard at the last September term of said court, upon pleadings and proofs, and the court upon due consideration

The first decree negatived the defence and by necessary consequence determined that complainants had not been guilty of any unconscionable laches or delay; and it decided further that the case made by the bill was established and that they were entitled to have the deeds set aside, to be put in possession and have an accounting. These matters are no longer open. They are beyond the power of this court. In view of the effect of that decree and of the state of the commissioner's report and the character and scope of the exceptions thereto and considering the shape and operation of the decretal order appealed from, there appear to remain only two subjects of inquiry: *first*, as to the right to carry the accounting back to November 17, 1868, the date of the conveyance by complainants' mother to defendant Norris; and *second*, as to the right to allow interest. Neither party has contended for beginning the accounting from March 26, 1870, the time when complainants' mother died, and hence

---

thereof, having, at the November term of said court ordered, adjudged and decreed that the deed of conveyance purporting to have been executed by Leopold E. Taufkirch and Margaret, his wife, to the defendant, Philetus W. Norris, bearing date November 17th, 1868, purporting to convey the premises described in the bill of complaint, viz.: Lots number nine and ten, in block number four, of the western addition to the city of Detroit, of part of the Cass farm, according to the recorded plat thereof, said premises being situate on the south side of Larned street in the city of Detroit, county of Wayne, and State of Michigan; and also a conveyance of the same premises executed by Philetus W. Norris and Jane K. Norris, his wife, to the said William J. Waterman, bearing date June 15, 1875, were utterly void and of no effect; and having further ordered that the bill of complaint in this cause be referred to Harry F. Chipman, one of the circuit court commissioners in and for the county of Wayne, to take an account of the amounts of rents, profits, and income of every name and nature collected and received by said defendants, upon said premises, since the 17th day of November, A. D. 1868; also of the amounts to which the complainants are entitled for use and occupation of said premises since the 17th day of November, A. D. 1868: also of the amounts laid out by said defendants for taxes, insurance, and necessary repairs and improvements upon said premises, and other disbursements, if any, during said time; and further, to make certain computations of interest therein specified, further directions being reserved until the coming in of said report.

Upon reading the report of said commissioner heretofore filed in this cause, together with the several stipulations thereto attached, and defendants' exceptions thereto filed in this court, and after listening to the arguments of Charles M. Swift, solicitor for complainants, and John Ward, Esq., solicitor for defendants, it is ordered that the exceptions to the said report be overruled, and that said report be, and the same is, hereby in all things confirmed, except so far as the same may be inconsistent with this decree.

the time when their title accrued.   Both sides have obviously declined to adopt that view.

The position taken and adhered to by complainants, and which the court in making the decretal order accepted, is, that the accounting should commence at the date of the conveyance to Norris, a time some sixteen months prior to the acquirement of title by complainants.   On the other hand the defendants claimed and still insist that it should begin not further back than six years preceding the reference or at the most six years preceding the filing of the bill.   The parties are hence at variance as to which of these periods is the proper one; it being assumed obviously that one of them is so and that the date of Mrs. Hack's death ought to be excluded.   And under these circumstances the court would naturally pause in any event before it would fix on this last-mentioned date as the proper limit.   But whatever embarrassment on this score might have arisen, we think

And upon consideration of the matters therein reported to this court, and upon further consideration of the pleadings and proofs. and after hearing further argument thereon by the said Charles M. Swift, Esq., solicitor for complainants, and John Ward, Esq., solicitor for the defendants, it is, by the court, now here ordered, adjudged, and decreed, and this court, by virtue of the power and authority therein vested, doth order, adjudge, and decree that complainants are entitled to recover of said defendant Norris, the full sum found by said report to have been received by said Norris for rents, and due for use and occupation of the said premises during his occupancy thereof, less the several sums found by said report to have been expended by him for taxes, insurance, necessary repairs, and improvements, and interest paid upon the mortgage executed by Margaret Taufkirch and Leopold, her husband, to Ira Davenport, dated April 4, 1863, together with interest on the several yearly balances in favor of complainants of the amount so received over and above the amounts so expended, at the rate of seven per centum per annum to the date of this decree; and that the complainants are entitled to recover of said defendant Waterman the full sum received by him for rents during the time said premises were occupied by him in the years 1875 and 1876, and from and after the first day of January, A. D. 1877, for use and occupation at the rate of forty dollars per month, to the date of this decree, less the several sums by him expended for taxes, insurance, necessary repairs, improvements, and interest upon said mortgage, together with interest on the several yearly balances in favor of the complainants of the amounts so received for rents, or to which the complainants are entitled for use and occupation over and above the sums so expended, at the rate of seven per centum per annum to the date of this decree.   And reference to a circuit court commissioner to compute the several sums herein specified being waived by all parties in open court by their respective counsel, the court has thereupon computed the same upon the findings contained in the report of said Commissioner

that the equities which spring from the circumstances are such as operate to refer the accounting to one of the periods contended for in argument and to show that the assumption that Mrs. Hack's death is not the proper time to reckon from is a correct assumption.

The principle on which complainants rely has been long settled. It was fully explained and variously applied long since. *Duke of Bolton v. Deane* Prec. in Chy. 516; *Bennet v. Whitehead* 2 P. Wms. 644; *Dormer v. Fortescue* 3 Atk. 124; *Norton v. Frecker* 1 Atk. 524; *Curtis v. Curtis* 2 Brown's Ch. R. 620. And in view of the determination made upon the facts, of which we have decisive proof in the first decree, it is entirely clear that complainants are by these authorities not only entitled to an accounting, but to one going back as far at least as their mother's death, and accordingly beyond the period contended for by defendants. The necessary meaning of that decree is that Norris got the estate from her by unconscionable means; that Waterman obtained it from him under circumstances exposing the title to the same objections to which it was liable in the hands of

---

Chipman, and upon the basis of computation here declared, and said computations are contained in Schedule A, attached to this decree, and made a part thereof.

And thereupon it is ordered, adjudged and decreed that said complainants do recover of said defendant, Philetus W. Norris, the several sum and sums which as aforesaid they are entitled to recover, to-wit, the sum of $3046.73; and that said complainant do recover of said William J. Waterman the said several sum and sums which as aforesaid they are entitled to recover, to-wit, the sum of $2012.08; and that said complainants do have execution for all of said sums.

And it is further ordered, adjudged and decreed that said defendants, and all person or persons claiming by, through, or under them or either of them, do yield and deliver up to the said complainants, their several heirs, executors, administrators, representatives and assigns, possession of the premises herein described; and that defendants severally execute to said complainants, their heirs, executors, administrators, representatives or assigns, deeds of conveyance of the premises above described, releasing and forever quitclaiming unto said complainants, their heirs, executors, administrators, or assigns, all right, title, interest, claim or demand of said defendants in and to said premises; and it is further ordered, adjudged, and decreed that complainants do recover of said defendants their proper costs of suit to be taxed and to have execution therefor.

J. LOGAN CHIPMAN,

Judge of the Superior Court of Detroit.

46 MICH.—38

Norris; that the defendants knowing they had no right to the property yet withheld it under a claim of title they knew to be inequitable, and deprived Mrs. Hack of the use of it until her death, and thereafter deprived complainants of it. No milder meaning can be ascribed to that decree, and proceeding as we are bound to proceed on the basis of it, the extension of the accounting to Mrs. Hack's death at which time the complainants' title accrued is undoubtedly correct. The authorities are very positive. In addition to the ancient cases referred to, see *Hicks v. Sallitt* 27 E. L. & E. 212, 230, 236; *Russell v. Southard* 12 How. 139; *New Orleans v. Gaines* 15 Wall. 624, 634.

But as we have seen, the accounting was not limited to the beginning of their title. On the contrary it was carried back to the commencement of defendants' title, being some sixteen months prior to any title in complainants, and this would be incompetent unless under very unusual circumstances. But we have such circumstances and they apply not only to this consideration but to the argument that the time ought to be arbitrarily confined to six years by analogy to the rule at law in cases for mesne profits.

The complainants come to be relieved against the two deeds and to obtain the just emoluments of the estate, and they are bound to do equity as a condition of relief, and under this principle, as the court finds, the accounting ought to be extended beyond six years and to the date of defendants' title.

The defendants are entitled to allowances for improvements and expenditures, and these are found to have been so distributed over the different periods that no just and equitable settlement is practicable without including the whole interval subsequent to Mrs. Hack's death. Moreover the matters in regard to allowances to one party and another are so related and so intermingled in point of justice that an accounting on both sides is impracticable on any terms of equity without passing the limit of six years and going back to the beginning of Norris' title. And certainly no

accounting could be allowed on one side merely for the whole or any particular portion of the time.

This branch of the case stands on special and peculiar grounds. *Neesom v. Clarkson* 4 Hare 97, presented a state of things somewhat similar and the right to prolong the accounting was sustained. Whether, in case the circumstances were not repugnant, the rule of limitation in respect to mesne profits in suits at common law would not apply by analogy, we do not inquire. On this part of the case we see no reason for disturbing the order appealed from.

The second point demands no special comment. We do not know what objections were made below or what are relied on here against the allowance of interest. The parties saw fit to take the subject away from the commissioner and hence nothing concerning it appears on which to found an exception, and of course no exception was tendered, and the sole suggestion made in this court is, that interest should not be allowed. We are not favored with any reason and are not able to conjecture any. The effect of the first decree was to establish a ground warranting the allowance of interest. The rents collected and the value of the annual use during such time as the property was not rented, together with interest, seem proper items in fixing the sums chargeable against defendants, considering the nature of their adjudged liability. *Vandevoort v. Gould* 36 N. Y. 639; *New Orleans v. Gaines* supra.

The result is that no cause is shown for disturbing the order and it must be affirmed with costs.

The other Justices concurred.