MARSH v. WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—ONE COUNTERMANDING ORDER FOR TRAN-
SCRIPT OF TESTIMONY NOT ENTITLED TO 'EXTENSION OF TIME.
     Appeals must be prosecuted/with diligence, and, while the
     court should grant reasonable opportunity to perfect an
     appeal within the limits of established procedure, yet when
     it appears that one asking for more time in which to
     obtain a transcript of the testimony has directed that the
     transcript be not made, and shows no good excuse therefor,
     he is not entitled to an extension.

2. MANDAMUS—SUPREME COURT MAY NOT TRAVERSE RETURN OF
CIRCUIT JUDGE.
     Where the return of the circuit judge to the order to
     show cause in mandamus proceedings to compel the vacat-
     ing of an order denying an extension of time to settle a
     case on appeal states at length the reasons for denying the
     extension, and the record supports the findings of fact,
     the Supreme Court may not traverse the return.

3. APPEAL AND ERROR—PROPOSED CASE ON APPEAL PROPERLY RE-
FUSED WHERE IT CONTAINED ONLY ONE FORTIETH OF TESTIMONY.
     Where a proposed case on appeal included only one-
     fortieth of the testimony, and left out many voluminous
     exhibits, the circuit judge properly refused to settle and
     certify it to the Supreme Court.

Mandamus by Ella B. Marsh to compel Fred S.
Lamb, presiding circuit judge of Wayne county, to
vacate an order denying an extension of time to settle a
case on appeal.     Submitted June 19, 1928.     (Cal-
endar No. 33,766.)     Writ denied July 24, 1928.

J. H. M. Alexander (Walter M. Trevor, of counsel),
for plaintiff.

Black & Black, for defendant.

WIEST, J.     We are asked to issue our writ of

mandamus, directing the circuit judge to set aside an order denying extension of time to settle a case on appeal, and to grant such extension or sign the proposed case presented by plaintiff and refused settlement and certificate by the circuit judge. The petition also asks that this court extend the time to settle a case on appeal.

The decree was entered December 24, 1927, in the case of Union Trust Company, Administrator, *v.* Ella B. Marsh. Claim of appeal was filed December 28, 1927, and the appeal fee paid the same day. The day decree was entered a written order was given for a transcript of the testimony and the certificate of the court stenographer was filed December 31, 1927. An appeal bond in the sum of $1,000 was filed December 31, 1927, and the same day an order was entered extending the time to settle a case on appeal to March 12, 1928. February 28, 1928, a motion was made to extend the time, setting up that it took ten days to try the case, the exhibits were voluminous, preparation of the appeal involved the copying of many documents and records, and there was much testimony. An affidavit of the court stenographer was filed in opposition to such motion, stating that after he had transcribed about 20 pages of the testimony, and before the 1st day of January, 1928, Mr. Alexander, attorney for defendant in the appeal case, ordered him to stop transcribing, and thereafter no countermand of the order was given, and he could have transcribed the testimony in full by February 1, 1928. The attorney for defendant filed a counter affidavit. The circuit judge found that the order for the transcript was countermanded and never renewed and denied extension of time. The issue so presented was one of fact, and the proof before the circuit judge supported his finding.

Appeals must be prosecuted with diligence, and, while the court should grant reasonable opportunity

to perfect an appeal within the limits of established procedure, yet when it appears that one asking for more time in which to obtain a transcript of the testimony has directed that the transcript be not made, and shows no good excuse for doing so, he is in no position to seek further time, and to grant such would constitute no exercise of discretion but an unwarranted act of grace.

The return of the circuit judge to our order to show cause states at length his reasons for denying the extension of time, and the record before us supports his findings of fact, and we may not traverse his return.

After denial of extension of time, a proposed case on appeal was served and noticed for settlement. This was opposed on the grounds that it included but one-fortieth of the testimony and left out the many voluminous exhibits. The circuit judge refused to settle and certify such a case to this court, and upon the subject made the following return:

"And further answering said paragraph 5 of plaintiff's petition herein, respondent shows that March 12, 1928, counsel for the defendant in the court below appeared before the court, respondent, and presented a typewritten document and requested respondent, the court, to sign a certificate of the court attached thereto and a part thereof stating that it 'contains the substance of all the evidence taken upon the said hearing and questions and answers which are deemed necessary to a full understanding of the testimony taken;'    *    *    *    that such was not the case at all; respondent denies that the 'proposed case on appeal' there presented on March 12, 1928, to respondent contained a transcript of the testimony taken upon the hearing in said cause. The court, and respondent herein, charges the fact to be that but a very small portion, about one-fortieth *    *    *    of the testimony was in the socalled 'proposed case on appeal' said typewritten document; that it did not contain a fair presentation of the case at all; that it was meaningless and in fact worthless for any purpose. And the court found further that a

copy of the transcript of only about one-fortieth of the testimony had ever been delivered and furnished by relator's counsel to the attorneys for the plaintiff, Union Trust Company, in the court below.  This was contrary to the rules.  * * * The court, respondent herein, therefore in the exercise of its discretion, on the basis of showing made, was impelled to make and enter the order of March 12, 1928, * * * denying defendant's * * * application and motion for settling case on appeal to the Supreme Court.  * * *

"And further answering said paragraph 5, respondent states that there was no occasion that the court could see for plaintiff's counsel in the court below to prepare any amendments to said so-called 'proposed case on appeal' * * * because the said typewritten document presented was not what counsel for defendant in the court below claimed it was.  It appeared to the court to be a makeshift, and an attempt to shift the burden upon counsel for the other side, the Union Trust Company, of getting the balance, about thirty-nine fortieths of the testimony and adding it to the proposed typewritten document, and as the court, respondent, then and there told defendant's * * * counsel in the court below, he was not going to sign the case proposed (said typewritten document) because it did not contain a transcript of all the testimony in the case; and respondent then and there refused to settle defendant's * * * so-called proposed case on appeal." * * *

We think the refusal fully justified.  We may not grant here what we find was properly refused in the circuit.

The writ is denied, with costs.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.