MARSH *v.* WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—DECREE NOT APPEALED FROM IS CONCLUSIVE, AND MAY NOT BE REVIEWED ON APPEAL FROM LATER ORDER.

A final decree determining that a printing business claimed by a widow to belong to her belonged to her deceased husband's estate, from which no appeal was taken, is conclusive, and may not be reviewed on appeal from an order directing her to pay to the administrator of the husband's estate the profits received by her from said business.

2. SAME—IMMATERIAL MATTER PROPERLY EXCLUDED FROM RECORD ON APPEAL.

In settling cases on appeal, it is the duty of the trial court to exclude from the record all matters that have no bearing on the subject of review.

3. MANDAMUS—APPEAL AND ERROR—IMMATERIAL MATTER PROPERLY EXCLUDED FROM RECORD ON APPEAL.

Mandamus will not issue to compel the trial court to settle a case on appeal where the proposed record contains unnecessary and immaterial matter; it not appearing that settlement of a proper record on appeal has been refused.

Mandamus by Ella B. Marsh to compel Fred S. Lamb, acting circuit judge in Wayne county, to settle a case on appeal. Submitted January 8, 1929. (Calendar No. 33,966.) Writ denied March 29, 1929. Rehearing granted June 20, 1929. Resubmitted July 20, 1929. Original opinion affirmed October 7, 1929.

*Walter M. Trevor* and *J. H. M. Alexander* (*Brown, Kelley & Warner,* of counsel), for plaintiff.

*Black & Black,* for respondent.

McDONALD, J. The plaintiff asks for a writ of mandamus to compel the defendant to settle a case on appeal in a cause wherein she was the defendant

and the Union Trust Company, administrator, was the plaintiff.

The plaintiff in this proceeding is the widow of Enoch W. Marsh, deceased. At the time of his death he was conducting a printing business in the city of Detroit, known as the Michigan Brief & Record Company and United States Law Printery. The Union Trust Company was appointed administrator of the estate. The widow claimed to own the business, and continued in charge thereof until by decree of the circuit court it was determined that the property and business belonged to the estate. The decree appointed the Union Trust Company receiver, and directed it to make an accounting as to the profits received by the plaintiff during the time she was in charge of the business, and to report its finding to the court. From this decree the plaintiff made an unsuccessful attempt to appeal. On the filing of the receiver's report, written objections thereto were made by the plaintiff, a hearing was had, on which the court determined that the property and money taken from the business by the plaintiff amounted to $55,972.38. An order was thereupon entered of date March 17, 1928, directing her to pay to the administrator forthwith the said sum of $55,972.38. From this order the plaintiff appealed. When the proposed case on appeal was presented to the court, he refused to sign it, on the ground that it contained a large amount of unnecessary and immaterial matter. To compel the court to certify the record as presented, this mandamus proceeding was begun.

The plaintiff prepared her case on appeal on the theory that an appeal from the order of March 17, 1928, also brought up for review the decree of December 24, 1927, in which the ownership of the business was determined. Accordingly, she in-

corporated in the proposed record 435 pages of testimony and exhibits taken in that case. That was a final decree from which she did not succeed in perfecting her appeal. It is now conclusive, and cannot be made a subject for review on an appeal from the order of March 17, 1928. The only issue that can be reviewed on this appeal is the correctness of the receiver's accounting and the order made thereon by the trial court. In view of these facts, the court correctly held that the testimony and exhibits taken in the main case were immaterial matters and should not be incorporated in the record on appeal. In settling cases on appeal, it is the duty of the trial court to exclude from the record all matters that have no bearing on the subject of review.

The plaintiff is entitled to the settlement of a proper record on appeal. As she has not been denied that right, the writ of mandamus will not issue.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.

McDONALD, J. (*on rehearing*). On the rehearing in this case no new questions are presented. In our former opinion we held that the plaintiff had not been denied the right to the settlement of a proper record on appeal. We are content with that opinion. The writ of mandamus will not issue.

NORTH, C. J., and FEAD, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.