## UNION TRUST CO. v. MARSH.

1. Appeal and Error—Perfecting Appeal.

Under 3 Comp. Laws 1915, § 13759, where claim of appeal and proof of service of notice of such claim were filed and clerk's fee paid within four days, appeal was perfected, and although there was unusual delay in transmitting record from trial court, and none of the testimony is embodied, Supreme Court has jurisdiction to hear appeal.

2. Same—Appeal Limited Where Testimony Not Embodied in Record.

On appeal, where none of the testimony taken at the hearing is embodied in the record, questions open for consideration are limited.

3. SAME—WAIVER—NOTICE—EQUITY.

  Appellant, who filed claim of appeal and appeal bond, thereby
  waived notice of filing and entering decree.

4. CONSTITUTIONAL LAW—APPEAL AND ERROR—EQUAL PROTECTION OF
  LAW—DUE PROCESS.

  Appellant who did not timely take all statutory steps to perfect
  record on appeal in which could be included the testimony
  taken, but who was nevertheless allowed to perfect and present
  appeal, was not denied equal protection of the law or de-
  prived of rights without due process, because questions open
  for consideration are limited.

5. EXECUTORS AND ADMINISTRATORS—ACCOUNTING.

  On appeal, decree requiring wife to account for all moneys re-
  ceived by her in printing business belonging to estate of her
  deceased husband, is affirmed.

Appeal from Wayne; Lamb (Fred S.), J., presid-
ing. Submitted April 22, 1930. (Docket No. 158,
Calendar No. 33,595.) Decided June 2, 1930. Re-
hearing denied October 3, 1930.

*Black & Black,* for plaintiff.

*Walter M. Trevor* and *J. H. M. Alexander*
(*Brown, Kelley & Warner,* of counsel), for defend-
ant Ella B. Marsh.

*A. A. Keiser,* for cross-defendant Edward W.
Marsh.

North, J. The subject-matter of this litigation has been before this court on two previous occasions. *Marsh* v. *Wayne Circuit Judge*, 243 Mich. 530, and 246 Mich. 511. A motion to dismiss defendant's appeal was made by plaintiff, but we reserved decision thereof until the appeal was heard on its merits. This motion to dismiss is based on the ground that the appeal "was not perfected within the time prescribed by the statute." The statute here material (3 Comp. Laws 1915, § 13759) reads:

"It shall be the duty of the clerk of such (circuit) court, upon payment to him of the said sum of five dollars as his fees, by the appellant, to attach together the original bill, process, answer, and all other proceedings, processes, motions, notices, orders and decrees which have been filed in said cause, together with the testimony as settled in the said cause, and also a copy of all journal and calendar entries and all other proceedings of record in the cause not embraced in the original papers hereinbefore mentioned, and transmit the same * * * to the Supreme Court within 15 days after such appeal shall be perfected. Such appeal shall be deemed to be perfected, upon the filing of the claim of appeal, and payment of the clerk's fee, as hereinbefore provided, unless it shall be necessary to settle a case."

None of the testimony taken at the hearing is embodied in this record on appeal. Instead, the record consists only of the pleadings, motions, notices, orders and decrees, etc., filed with the clerk of the lower court, as provided in section 13759 above quoted. From this record and the record incident to plaintiff's motion to dismiss, it appears that the decree below was entered December 24, 1927. The claim of appeal and proof of service of notice of

such claim were filed December 28, 1927, and the clerk's fee was paid on the same date. Under the statute above quoted, the appeal was obviously perfected December 28, 1927; and there is no statutory provision or rule with which there has been such a noncompliance as to deprive this court of jurisdiction or to justify dismissal. Pending prosecution of other aspects of this litigation, there was unusual delay in transmitting the record from the lower court to this court. It was filed with the clerk of the Supreme Court, September 20, 1929. We stated when the case was last here, 246 Mich. 511, that notwithstanding plaintiff had failed to perfect an appeal in which she could include a record of the testimony for review in this court, she was "entitled to the settlement of a proper record on appeal." An order will be entered denying plaintiff's motion to dismiss.

In appellant's brief the questions claimed to be presented on this appeal for review are as follows:

"(1) The decree is void being based on litigation contrary to public policy; (2) Equity should not lend its aid in fomenting litigation on contingent fee for one-half of the proceeds which is contrary to public policy but should dismiss the bill and leave the parties where they were; (3) The decree is void as an attempt to make a will for a party dying intestate; (4) Decree (is) void being entered *ex parte* without notice of settlement; (5) The circuit court had no jurisdiction because the administration of decedent's estate is still pending in Wayne probate court where an order was entered from which no appeal was taken by plaintiff or cross-defendants; (6) The decree is void because the court did not function as a court of record; (7) The personalty consisting of linotype and other machinery claimed by plaintiff is permanently annexed to defendant's

realty, is part thereof, and chattels real belonging to her and all money and income derived from the use of said chattels real belongs to defendant; (8) The decree while appealable is interlocutory; (9) Defendant having timely taken all statutory steps, refusal of the court to permit perfection of appeal denies equal protection and due process of law under United States Constitution, 14th Am.; and (10) Plaintiff and cross-defendants do not come into equity with clean hands and are guilty of laches.''

It is obvious that some of the questions which appellant seeks to review cannot be passed upon in an appeal, such as this, which presents none of the testimony taken in the lower court. This is true of numbers 1, 2, 3, 6, 7, and 10 above set forth. We have given consideration to the questions raised above by numbers 4, 5, 8, and 9, but find they are without merit. We think the record does not justify plaintiff's conclusion that the decree was settled without notice to defendant because the defendant proposed a decree and in her notice to plaintiff relative to settling the same she stated it would be presented at a certain time and place ''at the time your proposed decree is noticed for settlement.'' In any event, subsequent to entering the decree, defendant filed a claim of appeal and an appeal bond. This constituted a waiver of notice of filing and entering the decree. *Stockwell* v. *Eaton Circuit Judge,* 172 Mich. 166. The circuit court in chancery clearly had jurisdiction of the subject-matter of this suit; the decree entered December 24, 1927, was not an interlocutory decree. It was a final decree, and we specifically so held in *Marsh* v. *Wayne Circuit Judge,* 246 Mich. 511. The record conclusively discloses that appellant did not timely take all statutory steps

to perfect a record on appeal in which could be included the testimony taken below. She has been allowed to perfect and present the appeal now before us; and she has not been denied equal protection of the law or deprived of her rights without due process of law.

We find nothing in this record which would justify us in setting aside or modifying the decree below. An appeal from an order relative to an accounting in this case is now pending in this court; and the decree taken herein affirming the decree of the lower court is without prejudice as to issues raised in the companion appeal. The appellee will have costs less a motion fee of ten dollars awarded to appellant on the hearing of the motion to dismiss.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred. CLARK, J., did not sit.