UNION TRUST CO. v. MARSH.

1. RECEIVERS—EFFECT OF DECREE.
   Decree ordering receiver for estate to report accounting of all money received and all property or money advanced by wife in conduct of printing business belonging to deceased husband's estate did not invest receiver with judicial power to determine defendant's liability.

2. SAME—BILL OF PARTICULARS—REPORT OF AMOUNT DUE.
   Report by receiver for estate of amount of money owing by wife to deceased husband's estate is in nature of bill of particulars of receiver's claim against defendant.

3. Same—Proof Necessary—Amount Due.

 Without proof to sustain items charged by receiver for estate
  to be due from wife to her deceased husband's estate, no
  binding order or decree could be entered for their payment
  by her.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 22, 1930. (Docket No. 4, Calendar No. 33,776.) Decided June 2, 1930.

Motion by Union Trust Company, administrator of the estate of Enoch W. Marsh, and as receiver of the Michigan Brief and Record Company and the United States Law Printery to accept report of receiver stating liability of Ella B. Marsh thereto. From an order granting the motion, defendant appeals. Vacated, and remanded.

*Black & Black,* for plaintiff.

*Walter M. Trevor* and *J. H. M. Alexander* (*Brown, Kelley & Warner,* of counsel), for defendant.

Sharpe, J. By a decree of the circuit court for the county of Wayne, the plaintiff was appointed receiver of the printing business known as the Michigan Brief and Record Company and United States Law Printery, in the city of Detroit. The receiver was ordered in the decree to—

"forthwith make and state and report to this court, a true and complete accounting of said printing business, its property and effects, of all net profits earned and derived from said printing business since the date, October 15, 1922, of the death of Enoch W. Marsh, deceased, and of all moneys, property or income taken and received from said printing business since said date, by defendant, Ella B. Marsh, and of

all property or moneys advanced by said defendant, Ella B. Marsh, to said printing business.''

The decree further provided that the defendant should ''have the right to be heard and have representation before said receiver,'' and further, that defendant pay to the receiver such sum of money as such report might show to be due from her to the estate of her deceased husband. This decree was affirmed by this court in *Union Trust Co.* v. *Marsh, ante,* 556.

On March 10, 1928, the receiver filed a report. It stated therein that it had engaged a firm of certified public accountants to examine the books and records of the company; that these accountants had made an audit of the books, from which it appeared that there was due from the defendant to the estate the sum of $55,972.38. The report of the auditors to the receiver was annexed thereto. The part of it entitled ''Ella B. Marsh—Personal Account'' contains about 200 items of charges against her and allowances made to her. Few of these contain any explanation. They are, however, said to be taken from the books of the company. Attached to plaintiff's report was an affidavit of its assistant trust officer, who stated, on information and belief, that the report was correct and should be accepted by the court as fixing the liability of the defendant to the estate.

The report came before the court on motion of the receiver to accept it. The defendant thereupon filed objections thereto, stating that neither she nor her counsel had been notified to be present at the making of the audit; that it contained no findings as to how the amount of the several charges against her was arrived at; that the allowance to her for the conduct and management of the business was grossly inadequate, and that she had ''substantial

claims against said estate for money advanced from her sole and separate estate.'' Other affidavits were filed by her and her attorneys, and also one by the accountant and one by plaintiff's attorney. These need not be further alluded to.

The trial court entered an order allowing the account and ordering defendant to forthwith pay the amount stated to be due by her to the estate, from which she appeals.

It seems to us that the trial court misconceived the effect of the decree ordering the receiver to make a report. It was surely not intended that it should be invested with judicial power to determine the extent of the defendant's liability to the estate. The report as made is in the nature of a bill of particulars of plaintiff's claim as receiver against the defendant. No proof was taken by the receiver or the accountant on which the liability of the defendant can be based, and, without proof to sustain the several items with which defendant is charged, no binding order or decree could be entered for their payment by her.

The order appealed from will be vacated and one entered here remanding the cause to the circuit court, with directions to refer the report to a circuit court commissioner to take proof and determine the amount due by the defendant, subject to the after approval of the court, or such proof may, at the option of the trial court, be submitted in open court for such determination. The defendant will have costs of this appeal.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred