UNION TRUST CO. *v.* MARSH.

1. RECEIVERS—ACCOUNTING—SCOPE OF ACCOUNTING UNDER DECREE.
   Under decree requiring receiver to report to court true and complete accounting of deceased's business and of net profits earned since his death under management of his wife, her claim for advances to business prior to husband's death was properly disallowed.

2. SAME—JUDGMENT—RES JUDICATA—ESTATES OF DECEDENTS.
   Wife's claim, in accounting for profits of husband's business under her management since his death, that she had established the business and that her husband had made no contributions thereto, was properly rejected as having been litigated in prior suit.

3. SAME—OWNERSHIP OF BUSINESS INCLUDES BANK ACCOUNT.
   Decree determining that business claimed by wife belonged to husband's estate included account in bank in name of business, although it was not specifically referred to in decree.

4. SAME—ACCOUNTING—ESTATES OF DECEDENTS.

    In accounting by wife for profits of husband's business since his death, advances by her to husband's children and grandchildren were properly disallowed.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 15, 1931. (Docket No. 111, Calendar No. 35,340.) Decided June 1, 1931.

Bill by Union Trust Company, a Michigan corporation, administrator of the estate of Enoch W. Marsh, deceased, and receiver of the Michigan Brief and Record Company and United States Law Printery against Ella B. Marsh for an accounting. From order made approving accounting submitted made after remand to court below, defendant appeals. Affirmed.

    *Black & Black,* for plaintiff.

    *J. H. M. Alexander* and *Walter M. Trevor* (*Ralph E. Routier* and *Dean W. Kelley,* of counsel), for defendant.

    SHARPE, J. Defendant here seeks review of an order made by the trial court on the accounting had, pursuant to the order of this court entered on June 2, 1930 (250 Mich. 561).

By reason of the claim here made by the defendant, it seems necessary to review the proceedings in this case at some length. In doing so, we have had resort to the records and briefs filed on the former hearings.

The bill of complaint was filed on July 29, 1926, by the plaintiff as administrator of the estate of Enoch W. Marsh, deceased. It was alleged therein that the deceased, in November, 1915, had estab-

lished a printing business on Field avenue, in Detroit, and that he carried it on as owner thereof until his death on October 15, 1922, under the name of the Michigan Brief and Record Company; that on his death the defendant, his widow, took possession thereof under a claim of ownership; that she had converted the net income thereof to her own use, and should account to the plaintiff therefor. The relief sought was an accounting and an order that defendant turn over said business to the plaintiff.

Annexed thereto were copies of five chattel mortgages, given by the deceased to the Mergenthaler Linotype Company, with dates and amounts as follows: November 26, 1915, $2,180; August 12, 1916, $2,741; May 26, 1920, $3,000; July 12, 1921, $2,500, and April 17, 1922, $2,200, on linotype machines, presumably to secure the purchase price thereof. In the last three of these, the mortgagor was said to be "Enoch W. Marsh, doing business as the Michigan Brief & Record Company."

The defendant answered, denying the material allegations in the bill. She admitted that the chattel mortgages were executed by her husband, but averred that they were so signed "at the direction and under the authority of this defendant." In a cross-bill she alleged that the business was established by her, and that she was the owner thereof, and prayed for a decree so determining.

After a hearing on proofs taken in open court, a decree was entered on December 24, 1927, containing the following provision:

"That the printing business known as the Michigan Brief and Record Company, and United States Law Printery, located at 4429 Field avenue (old No. 1009), Detroit, Michigan, and all furnishings, machinery and equipment thereof, and all records

thereof, of every kind whatsoever, including books of account, bank books, bank check books, canceled checks, invoices, receipts, and other instruments, or papers or writings in anywise pertaining to said business, and all merchandise, supplies and stock thereof, and all good will existing, developed and connected with said printing business, together with all notes and accounts receivable, is the property of the estate of Enoch W. Marsh, deceased.''

In it the plaintiff was appointed a receiver of the company and the defendant ordered to deliver to it all of its property and effects. It also provided for an accounting of the business conducted by the defendant after the death of her husband, and that defendant do pay to the receiver such sum as should be found due from her conduct of such business.

The defendant made an ineffectual effort to appeal from this decree. *Marsh* v. *Wayne Circuit Judge,* 243 Mich. 530. When the report of the receiver was presented and allowed by the trial court, she sought, on appeal therefrom, to incorporate into the record the testimony and exhibits taken on the trial, but such right was denied to her. *Marsh* v. *Wayne Circuit Judge,* 246 Mich. 511.

In the taking of the accounting now before us, the defendant testified:.

''From the date of the starting of the business, that is from the period of November 5, 1915, to and including the 15th day of October, 1922, I have made advances to the business.''

On objection thereto, the court said:

''That of course was in the original record and that was determined. At the present time it is not the question involved, as has already been determined by the court.''

Under the statute so permitting, she submitted proof that during the period above stated she had contributed to the business the sum of $7,609.03. In ruling upon it, the trial court said:

"If Mrs. Marsh made any advances prior to October 15, 1922, they are charges against the estate of Enoch W. Marsh, and should be pursued as a claim against the estate."

Under the ruling of the court, the plaintiff was not required to rebut the claim thus made on her part, and counsel's statement that there was no controversy over the fact that she made such advances is without force or effect.

Counsel seem unable to appreciate the duty imposed on the court by the decree in taking the accounting. The receiver appointed in the decree was ordered to report to the court a true and complete accounting of said printing business, its property and effects, and of the net profits earned since the date of the death of Enoch W. Marsh, October 15, 1922. The argument of counsel is founded upon their claim that—

"Appellant established the business of the Michigan Brief and Record Company and Enoch W. Marsh made no contribution whatsoever."

This claim was litigated on the hearing first had, and the decree then made forecloses her from raising it in this proceeding. On this record we cannot but hold that the trial court was right in declining to consider her claim for advances made to the business prior to the death of her husband.

Stress is laid upon the fact that the "bank account" was not specifically referred to in the decree determining that the business belonged to the estate

of the deceased. We do not again quote this provision, but it seems clear that under it any moneys in the bank to the crèdit of the Michigan Brief and Record Company would pass to the receiver. We do not find that the amount of the bank account is stated in the report, nor do counsel refer to it in their brief. The claim relative to it is thus stated:

"We contend that appellant was the owner in her own right of the bank account and all sums deposited therein, that the same were her sole and separate property and estate and not that of any other; that the record warrants no other finding, than that this was the sole and separate estate of Ella B. Marsh and she is not required to account to plaintiff, the decedent's estate, his children or the receiver."

If considered by the court, we think it was properly disallowed.

The trial court found that the business "was profitably run and managed" by the defendant; that her personal withdrawals from the business amounted to $62,035.31; that she should be charged with interest on overdrafts by her exceeding the sums allowed her for salary and rent, amounting to $5,468.45—in all, $67,503.76. These charges do not seem to be attacked.

He credited her with salary for 62½ months at $500 per month, $31,250; with rental of her building in which the business was conducted at $125 per month for the same time, $7,812.50, and for personal advancements made by her to the business during that time, $1,037.01—in all the sum of $40,099.51. The only criticism of these allowances is as to the rent, which it is urged should have been fixed at $200 per month. The evidence sustains the allowance as made. The difference between these amounts, $27,404.25, he found to be due from her to

the estate, and ordered it to be paid by her to the plaintiff.

It appeared that the defendant had paid out of the business certain sums to persons claiming to be the children of the deceased, amounting to $4,502. The court declined to give her credit for these payments, saying they were a matter of adjustment in the probate court. In this we think he was right, as also in disallowing an item of $541, made up of gifts to the grandchildren of the deceased.

The claim of the injustice to the defendant in requiring her to pay to the estate of her deceased husband moneys which in fact and in right belong to her has impelled us to give this case very thoughtful consideration. We can only say that, upon the record before us, the order made by the trial court was fully justified, and it is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.