UNION TRUST CO. v. MARSH.

1. Receivers—Allowance of Account.

On petition to require receiver and administrator to file account, allowance of fees to receiver, its attorneys, accountants, and appraisers, at amount fixed by court, *held*, sustained by record.

2. Attorney and Client—Receivers.

Practice of attorneys representing receiver, who should be neutral, and also representing parties to litigation having claims adverse to others interested in estate is not to be commended.

3. Appeal and Error—Attorney and Client—Receivers.

Where, after hearing, court authorized receiver to employ attorneys representing parties having claims adverse to appellant, who was interested in estate, from which no appeal was taken, it is too late, after effective service has been rendered, to complain thereof.

4. JUDGMENT—RES ADJUDICATA—RECEIVERS—ALLOWANCE FOR SERV-
   ICES.

> Correctness of allowance made to appellant as compensation for
> services and rental of her property, having been reviewed and
> affirmed on previous appeal, is *res adjudicata.*    ✓

5. RECEIVERS—ALLOWANCE OF CLAIM FOR SERVICES—INTEREST.

> Court properly declined to direct receiver to pay appellant
> amounts fixed for her services and for rental of her property,
> or to allow interest thereon, where said amounts were credited
> to appellant in former accounting, incident to which she was
> found to have been overpaid.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 4, 1931. (Docket No. 83, Calendar No. 35,606.) Decided October 5, 1931. Rehearing denied January 4, 1932.

In the administration of the estate of Enoch W. Marsh, deceased, and receivership proceedings of Michigan Brief & Record Company and United States Law Printery, Ella B. Marsh filed a petition to require the Union Trust Company, a Michigan corporation, administrator and receiver, to file an account. From decree confirming report made, defendant Marsh appeals. Affirmed.

*Black & Black,* for plaintiff.

*J. H. M. Alexander* and *Walter M. Trevor* (*Dean W. Kelley* and *Ralph E. Routier,* of counsel), for defendant.

NORTH, J. In October, 1930, appellant herein filed a petition in the circuit court of Wayne county which resulted in appellee as receiver filing its account in this already much litigated matter. See 243 Mich. 530, 246 Mich. 511, 250 Mich. 556, 250 Mich. 561, 254 Mich. 402, and 255 Mich. 147. The receiver's report covered the period of its activities from December 27, 1927, to November 3, 1930. Upon hearing the circuit judge allowed the following items: (1) Receiver's

fees from December 27, 1927, to December 31, 1930, $4,500; (2) receiver's attorneys' fees $5,862.34 for services and $289.80 as expenses; (3) accountants' fees $1,120; and (4) appraisers' fees $350. Appellant reviews and claims each of the above items is excessive in amount; and she also asserts that the amounts allowed to her for her services ($500 per month) and for the rental of her property occupied by receiver at $125 per month should not only have been "allowed," but the receiver should have been ordered to pay these respective items with accrued interest.

The allowance of the receiver's fees is for services covering the conduct of the business of a going concern for nearly three years. Its assets in the receiver's hands were in excess of $140,000. Even casual inspection of the above cited cases discloses that this receivership has pursued a much contested course. In practically all the controverted matters appellant has been the aggressor and her claims finally adjudicated to have been without merit. In one instance her appeal to this court was held "inexcusable." *Union Trust Co.* v. *Marsh,* 255 Mich. 147. The compensation which appellant sought for her personal services rendered to the receiver and which the court allowed was substantially four times as much as the receiver's fees for a like period. The receiver assumed a rather serious responsibility and its monthly statements contained in the record evidence care and accuracy in the discharge of its trust. The items of the receiver's attorneys' fees, to which we will advert later, the accountants' fees, and the appraisers' fees are for necessary services rendered to the receiver. The details of such services were presented to the circuit judge before whom testimony was taken. As to some of these items, especially the attorneys' fees for services rendered

to the receiver, the most of the expense was incurred because of litigation unsuccessfully prosecuted by appellant against the receiver. We find testimony in the record which sustains the circuit judge in allowing the respective items in the amounts fixed by him and decline to disturb his decree.

Appellant vigorously asserts that the attorneys who have been allowed compensation for representing the receiver should not be so compensated because they are in fact acting in behalf of the two children of Mr. Marsh by a former marriage under a contract for a contingent fee. Appellant's claim is that the attorneys should be paid by the parties whom they represent and in whose behalf they are prosecuting this litigation. There is some ground for this complaint. To say the least, it is unfortunate that attorneys should undertake to represent a receiver whose attitude should be one of strict neutrality between parties who have conflicting claims to the assets of the receivership, and at the same time to also represent parties having adverse claims to others interested in the estate. In the instant case the individuals represented by these attorneys are asserting the very claims which appellant has opposed and contested throughout this prolonged litigation. This receivership is the instrumentality through which these adverse parties are asserting their claims against appellant. The propriety of a court granting compensation for services claimed to have been thus rendered to a receiver but which quite obviously were at least indirectly for the benefit of the individuals represented by the same attorneys may be questioned. But in the instant case we are confronted with and we think foreclosed by the fact that on January 14, 1928, this receiver was authorized by an order of the circuit court of Wayne county to employ these

attorneys, "after hearing argument on the same by attorneys for the parties hereto." No appeal was taken from this order. The attorneys have acted in behalf of the receiver for many months. They have rendered effective service; and the testimony discloses that they have made a good-faith effort to keep an entirely separate account of the services rendered the receiver and of those rendered in behalf of the individuals whom they represent in this matter. The latter is not included in the charges contained in the receiver's account. We think it is now too late for appellant to complain. If the services to the receiver had not been rendered by its present attorneys, like services would have been required at the hands of other counsel and the estate would have been charged therefor. As above stated, under the circumstances we are not disposed to disturb the circuit judge's order.

The correctness of the allowance made to appellant as compensation for her services and for rental of her property were reviewed and affirmed in *Union Trust Co.* v. *Marsh,* 254 Mich. 402. The matter is *res adjudicata;* but if this were not so, we find nothing in this record which would justify modification of the circuit judge's allowance. The court properly declined to direct the receiver to pay appellant the amounts fixed for her services or for rental of her property, or to allow interest thereon because these items were credited to appellant in a former accounting with the receiver incident to which she was found to have been overpaid. *Union Trust Co.* v. *Marsh,* 254 Mich. 402.

The decree of the circuit judge is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.