UNION TRUST CO. v. MARSH.

JUDGMENT—RES JUDICATA.
 Former order of court decreeing that certain linotype machines were property of estate of defendant's deceased husband, *held*, *res judicata* of orders by court for their sale and confirmation thereof.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 4, 1931. (Docket No. 84, Calendar No. 35,780.) Decided June 25, 1931.

Bill by Union Trust Company, administrator of the estate of Enoch W. Marsh, deceased, and receiver of Michigan Brief & Record Company and United States Law Printery, against Ella B. Marsh for an accounting. Defendant appeals from orders overruling objections to sale and confirming sale by receiver of linotype machines as personalty. Affirmed.

*Black & Black,* for plaintiff.

*J. H. M. Alexander* and *Walter M. Trevor (Dean W. Kelley* and *Ralph E. Routier,* of counsel), for defendant.

Fead, J. Controversies in the settlement of the estate of defendant's deceased husband, Enoch W. Marsh, have been before this court and are reported in 243 Mich. 530, 246 Mich. 511, 250 Mich. 556, 250 Mich. 561, and 254 Mich. 402. This appeal is an inexcusable addition to the litigation here. It is to review two orders of the court, one overruling defendant's objections to sale, and the other confirming sale, of certain linotype machines which defendant claims are chattels real, attached to her own land, and, therefore, her property.

By a former order of court, the machines were decreed to be the property of the estate, and the determination is *res judicata* of this issue.

Aside from that, defendant's testimony on the hearing of the proceedings for sale not only was insufficient to prove annexation of the machines to the realty, but wholly failed to even attempt to show the essential of her claim, that Mr. and Mrs. Marsh intended the machines to be permanent accessions to the freehold (*Morris* v. *Alexander,* 208 Mich. 387), nor, indeed, that Mrs. Marsh herself so intended.

Affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.