CHARTER TOWNSHIP OF WARREN *v.* BLUNT.

1. APPEAL AND ERROR—FINAL DECREE—TIMELY REVIEW.
    The Supreme Court cannot review nor dilute the judgment of a trial court as expressed in a decree after the integrity of such decree is finally established for want of due review.

2. SAME—REVIEW OF THE MERITS.
    Once a decree on the merits has become final, the Supreme Court

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  3 Am Jur, Appeal and Error § 417.
[3]  39 Am Jur, Nuisances §§ 171–173.

will not, after period within which review may be had has elapsed, review the merits upon an appeal taken from a final order made in the further progress of the cause.

3. NUISANCE—SMOKE—ABATEMENT BY CLOSING OF DUMP.
By decree enjoining defendants from maintaining a nuisance on their premises created by "smoke from the burning of rubbish" in the use of their place as a public and private dump, plaintiffs were not entitled to have the dump closed and defendants were required to abate the nuisance and annoyance of smoke emanating from their premises.

4. EQUITY—BILLS OF REVIEW ABOLISHED.
Bills of review have been abolished in this State (Court Rule No 48, § 4 [1945]).

5. NUISANCE—ABATEMENT—ADDITIONAL RELIEF IN SAME PROCEEDINGS.
Additional relief to abate a nuisance may not be had by way of further proceedings in the same suit for enforcement of the decree rendered, the plaintiff being restricted therein to the relief previously granted, where no appeal had been taken; bills of review having been abolished (Court Rule No 48, § 4 [1945]).

Appeal from Macomb; Spier (James E.) J. Submitted January 8, 1957. (Docket No. 12, Calendar No. 46,952.) Decided February 28, 1957.

Following a decree granting certain relief, the Charter Township of Warren, a municipal corporation, petitioned to have Waldo Blunt and Martha J. Blunt adjudged guilty of contempt in their operation of public dump. Order entered granting additional relief. Defendants appeal. Reversed and remanded for appropriate enforcement of original decree.

*Donald Wm. Sargent* and *Walter A. Kuck,* for defendants.

Defendants were and are owners of a vacant tract of land situated near the intersection of Dequindre

and Chicago highways in Macomb county's Warren township. In April of 1949 they entered into an agreement with the township board, the general purpose of which was to provide for public and private disposition, on the premises, of refuse and waste material.* The agreement—it carries no stipulation as to term or termination—provides that no garbage, or combination of rubbish and garbage, shall be used in filling low or excavated portions of the tract; that "no public or private nuisance shall be permitted to exist on said land;" that defendants take necessary precautions to prevent damage to adjoining property; that proper drainage of the area not be impaired and, so far as directly concerns the municipality, that "The township and individual residents of the township shall have the right to dump without charge upon the property."

This suit in chancery, instituted by the charter township of Warren to abate an alleged public nuisance arising from defendants' use of the premises, was filed July 18, 1952. Three separate bills, filed by individuals against the same defendants, were designed toward similar relief. The 4 cases were consolidated for trial and resulted in a decree favoring the respective plaintiffs to extent shown thereby. The decree, filed August 23, 1954, reads materially as follows:

"It is hereby ordered, adjudged and decreed that the defendants, Waldo Blunt and Martha J. Blunt, his wife, and each of them are hereby permanently restrained from the use of the premises known as: (here follows the legal description of defendants' premises) herein involved, in any such manner as shall create, be, or become a public nuisance by reason of smoke from the burning of rubbish.

---

* Defendants, consistent with the agreement, have contracted with others for use of the tract as a disposal ground for industrial wastes.

"It is further ordered that in the event of the failure or refusal of the defendants Waldo Blunt and Martha J. Blunt, his wife, to abide by the terms of this order, the plaintiff is authorized hereby to return to this court, or to take such other measures to abate nuisances as it shall deem necessary and expedient."

Proof of service of notice of entry of the decree was duly filed. No appeal from the decree was taken.

June 7, 1955, the plaintiff township filed its petition in the cause alleging that defendants had violated and were violating the injunctive admonition of the decree. An order to show cause was duly issued. Defendants filed answer categorically denying violation of the decree and a hearing upon the issue was conducted before the chancellor. It developed, during course of such hearing, that the purpose of the township's petition was to obtain a supplemental decree providing for outright "closing of the dump," distinguished from abatement of the adjudged smoke nuisance. Counsel for the township (Mr. Gallagher) expressed himself in such regard, as follows, at outset of the mentioned hearing:

"*Mr. Gallagher:* If we can manage it we do not propose to have that operate in accordance with the terms of the decree; we intend to close it.

"*Mr. Sargent:* That is the idea, to stop the burning.

"*Mr. Gallagher:* If I am in any measure successful at all I propose to close the dump."

The township supervisor, sworn as a witness during the hearing, succinctly stated the purpose of the petition in these words: "We are in court this morning to close this dump rather than have it operate in accordance with the decree."

Under date of July 26, 1955, the chancellor entered what is styled an "order in enforcement of

terms of decree." By its terms the defendants were permanently restrained from using their said premises "as a dump" and from using same "in any manner for the disposal of rubbish."

Defendants duly filed claim of appeal to this Court "from the order in enforcement of terms of decree entered on the 26th day of July, A.D. 1955."

BLACK, J. (*after stating the facts*). The plaintiff township has not favored us with a brief. We will assume contention on its part that the court below was empowered to "close the dump" in addition to enforcement of its decree for abatement of an adjudged smoke nuisance. To such contention, and to defendants' present insistence on right of appeal "from both the decree and enforcing order," we must say for the benefit of all contending parties that this Court cannot now review the decree or dilute its judgment. Integrity of such decree is finally established for want of due review thereof, and present consideration of the case must proceed on that premise (*Marsh* v. *Wayne Circuit Judge,* 246 Mich 511; *Hack* v. *Norris,* 46 Mich 587; *Benedict* v. *Thompson,* 2 Doug [Mich] 299).*

As foregoing quotation shows, the decree determines that the plaintiff township is entitled to relief against nuisance created by "smoke from the burning of rubbish." The decretal corollary is that the township is not entitled under its bill to additional relief against the defendants, such as "closing the dump." Defendants are entitled to rely on such adjudicatory corollary just as plaintiff may rely upon its adjudged

---

* In *Benedict* v. *Thompson,* the appeal period then being 90 days, we find the carefully considered opinion ending this way:

"This decision will admonish parties litigant, that where a decree is made upon the merits of a cause, with which they are aggrieved, an appeal must be taken within 90 days; and that this Court will not, after that period has elapsed, review the merits of such decree upon an appeal taken from a final order made in the further progress of the cause."

right to abatement of the nuisance and annoyance of smoke emanating from the premises.

That there be no misunderstanding, we add what is probably manifest. Our holding is confined to determination that plaintiff is entitled on present record to abatement of the adjudged smoke nuisance only. It is not entitled on such record to stop dumping operations by the defendants since the latter obviously may be conducted without causing nuisance by smoke. If plaintiff is entitled to additional relief against the defendants, over and above that which it obtained by the unappealed decree, it must seek such relief by new and original proceedings. Bills of review were abolished in the peninsular State many years ago. Compare chancery rule 101 (Court Rules Michigan [5th ed], 1892) with Court Rule No 56 (1916) and Court Rule No 48, § 4 (1945).

The order of July 26, 1955, is set aside and the cause will be remanded for appropriate enforcement of the mentioned decree. Costs to defendants.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and CARR, JJ., concurred.