## Elgin City Banking Company et al. (L. H. Grange, Appellant), v. Hugh E. Hancock et al., Appellees.

### Gen. No. 5,806.   (Not to be reported in full.)

Appeal from the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

### Statement of the Case.

Bill by Elgin City Banking Company and others against Hugh E. Hancock and others to foreclose a trust deed. From an order entered after foreclosure sale awarding rents collected by the receiver to owners of the equity of redemption, L. H. Grange, one of the complainants, appeals.

L. H. GRANGE, *pro se.*

S. L. RATHJE, for appellees.

Mr. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 607*—*who entitled to possession during period of redemption.* The possession of the premises and rents, issues and profits thereof after a sale on foreclosure and until the time of redemption expires belong to the owner of the equity of redemption.

2. MORTGAGES, § 514*—*object of a receiver for rents in foreclosure proceeding.* The sole object of a receiver after foreclosure sale is to apply the rents to the payment of any deficiency left after the sale, if the mortgage or the trust deed creates a lien upon such rents.

3. MORTGAGES, § 519*—*when necessity for a receiver in foreclosure proceeding ceases.* Where the foreclosure sale satisfies the debt and costs, no further occasion for a receiver remains.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

4. Mortgages, § 546*—*who entitled to rents collected by receiver in foreclosure proceedings.* Rents collected by a receiver and not needed to pay any deficiency after foreclosure sale belong exclusively to the owner of the equity of redemption though the mortgage or trust deed contains a provision that the rents or income accruing during the period of redemption shall go to the person entitled to a deed under the certificate of sale.

5. Mortgages, § 546*—*when receiver cannot purchase outstanding title and claim rents.* In a proceeding to foreclose a trust deed, a person occupying the position of receiver and agent for the owners cannot buy an outstanding title and set up a claim for rents as against his principals.

6. Mortgages, § 662*—*who not entitled to solicitor's fees.* Trustee and complainant acting as solicitor in proceeding to foreclose trust deed, not entitled to an allowance for solicitor's fees.

7. Landlord and Tenant, § 123*—*when conveyance of fee passes rents.* Sale of the fee carries with it rents to fall due or that may subsequently accrue under any lease, unless reserved, but not rents already accrued.