## STATE BOARD OF LAW EXAMINERS v. BROWN
(No. 1632; Sept. 9, 1930; 290 Pac. 1013)

For the complainant there was a brief by *W. O. Wilson,* Attorney General, and *R. J. Jackson,* Assistant Attorney General, both of Cheyenne, Wyoming, and an oral argument by *Mr. Jackson.*

For the respondent there was a brief by *Kinkead & Pearson,* of Cheyenne, Wyoming, and oral argument by *W. C. Kinkead.*

*Per Curiam.*

The State Board of Law Examiners filed a complaint against Edwin L. Brown, respondent, asking that his license to practice as an attorney at law of this state be revoked or suspended. The case was tried before three district judges, who have made findings of fact and recommended that respondent's license to practice as such attorney be suspended for a period of not less than one year.

No good purpose would be subserved in reviewing the case in detail. Briefly, it is charged in the amended petition that C. B. Keller, of Omaha, Nebraska, acting for one Sprengel, Trustee, placed in respondent's hands for collection accounts and notes aggregating upwards of $25,-000; that respondent agreed in writing that his collection fee should be at the rate of 15% on the first $300 collected on any item and a lower percentage on amounts above that sum; that respondent collected various sums, occasionally remitted small sums to his client by checks which were protested for non-payment and ultimately paid only after much correspondence; that he collected other amounts, among them an item of $65 which belonged to Sprengel, Trustee, and which respondent refused and still refuses to pay, although demanded from him; that other moneys belonging to Sprengel, Trustee, were collected and not paid, but the items cannot be set out, because unknown to complainants and within the peculiar knowledge

of the respondent; that several demands have been made upon respondent to return the uncollected notes and accounts, but that respondent refused and still refuses to do so.

The evidence in the record fully sustains the charges. In fact, it was discovered and shown that a number of items were collected by respondent which were never reported by him, although he was time after time called upon to make reports of the collections made by him. The total amount collected and never paid over was $2167.35, consisting of ten different items and collected at different times. An item of $1050.50 was collected as early as June, 1926, of which his clients had no knowledge until shortly before the trial of this case in October, 1929, and that was also true as to the collection of most of the other items. The respondent tries to excuse his conduct by saying that he had a lien on the amount collected and on the items of collection in his hands by reason of the fact that Keller held out to him that he expected respondent to bring certain suits, which were never brought. Without discussing the point further, the lien mentioned was never claimed until shortly before the trial of this case and we are satisfied that the claim was purely an afterthought and cannot serve as an excuse for respondent's conduct.

It is claimed that evidence of the various items collected but not reported or paid, aside from that of $65, should not have been admitted because no mention thereof is contained in the amended petition. But these items were a part of a general transaction, fully set forth; the various items collected were peculiarly within respondent's knowledge and not within that of complainants, as set forth in the amended petition, and the objection is not, we think, under the circumstances of this case, well taken. 49 C. J. 38, 21 R. C. L. 486. Nor can we hold the amended petition fatally defective on account of the fact, as claimed, that there is no allegation of bad faith on the

part of the respondent. No objection of that kind was raised in the lower court. We must, accordingly, construe the amended petition liberally, and so doing, we think that the bad faith of the respondent in connection with the various matters set forth in the amended petition may be reasonably gathered from the allegations thereof.

We think that respondent's conduct cannot be excused and that the evidence clearly and unmistakably shows, aside from other censurable conduct, fraudulent withholding of his client's money, and a suspension from practice before the courts of this state as attorney, for a period of three years, will be ordered.