KONOPKA *v.* CISLO.

1. CANCELLATION OF INSTRUMENTS—DEEDS—DECREE HAS EFFECT OF CONVEYANCE—RIGHT TO FUTURE RENTS.

Decree setting aside conveyance of store building on ground of fraud has same effect as conveyance voluntarily made, carrying all interest in property to grantors, including rents to become due, which are treated as interest in land, but right to rents already due does not pass with conveyance unless so stipulated.

2. SAME—PROVISION IN DECREE HAS EFFECT OF STIPULATION IN CONVEYANCE—RIGHT TO UNPAID RENTS.

Provision in decree setting aside conveyance of store building and awarding plaintiffs unpaid rentals has same effect as stipulation in voluntary conveyance.

3. SAME—FRAUD—RIGHT OF GRANTORS TO RENTS.

Where deed was canceled by decree of court on ground of fraud, grantors are entitled to rents from time that grantees wrongfully took possession.

4. SAME—PROVISION IN DECREE FOR UNPAID RENTS.

Court rightfully setting aside deed for fraud rightfully awarded unpaid rents to grantors, and that grantees' lessee refused to attorn to grantors does not excuse ·payment; he not being released by change in lessors.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted April 14, 1932. (Docket No. 112, Calendar No. 36,214.) Decided June 6, 1932.

Assumpsit by Joseph Konopka and another against Stanley Cislo for rent of repossessed store. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Edward Daskam,* for plaintiffs.

*Matthew F. Callahan,* for defendant.

McDONALD, J. This is a suit for the recovery of rents for the use and occupation of a store building in the city of Detroit, Michigan.

The plaintiffs who owned the store building conveyed it in exchange to Bruno Stange and Clara Stange, his wife, for a farm in Tuscola county, Michigan. Later the conveyance was set aside on the ground of fraud by the Wayne circuit court in chancery. Shortly after the Stanges became possessed of the store building, they leased it to the defendant, Cislo, for a period of three years at a monthly rental of $125. When the chancery suit was begun by the plaintiffs, an injunction was issued restraining the Stanges from collecting the rents. Cislo received a copy of the injunction and after consulting with his attorney refused to pay the rent

to either party until the suit was terminated. The decree of the chancery court directed a reconveyance of the store building property to the plaintiffs and awarded them the unpaid rentals. The rent due and unpaid at that time was $625. On demand, Cislo refused to pay the plaintiffs and they brought this suit. They obtained a judgment for the full amount of the rent, from which the defendant has appealed.

It is undisputed that the rent has not been paid by the defendant. He was withholding it until the termination of the chancery suit in which his lessor's title to the premises was involved. When that suit was terminated, his lessors sent him the following notice:

"Mr. STANLEY CISLO,
"Dear Sir:
"Kindly take notice that I am no more owner of premises known and located at No. 4948 Scotten Ave., Detroit, Michigan, and you may move out of said premises whenever it is convenient for you.

"Yours very truly,
"BRUNO STANGE,
"CLARA STANGE."

Mr. Cislo testified:

"*Q.* The minute you got that you decided you would move?
"*A.* Yes, sir."

It thus appears that there is no claim of eviction or other complications involved in the case. It is simply a question of the plaintiffs' right to recover the rents which were due at the time the chancery decree was entered. The decree stands in lieu of a conveyance. It has the same effect as though a conveyance were voluntarily made. It carries all the interest the Stanges had in the property, including the rents

to become due, which are treated as an interest in land. But the right to the rents which are already due does not pass with the conveyance unless so stipulated. 2 Tiffany, Real Property, § 407.

The provision of the decree awarding the plaintiffs the unpaid rentals has the same effect as a stipulation in a voluntary conveyance. Moreover, the deed which plaintiffs gave to defendant's lessors was canceled by decree of the court on the ground of fraud; and in such circumstances, the plaintiffs are entitled to the rents from the time that the grantees wrongfully took possession. 9 C. J. p. 1264; *Hack* v. *Norris,* 46 Mich. 587.

If the court was right in setting aside the deed for fraud, he was right in awarding the plaintiffs the unpaid rents, and the fact that the lessee refused to attorn to them does not excuse payment. He was not released by a change in the lessors. *Perrin* v. *Lepper,* 34 Mich. 292.

The judgment is affirmed, with costs to the plaintiffs.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.