ROBERTSON v. LEWIS.

4-5008

Opinion delivered April 4, 1938.

990

H. G. Wade, for appellant.

Gaughan, Sifford, Godwin & Gaughan, for appellee.

McHANEY, J.   Appellee was the owner of the lot in controversy and prior to March 8, 1928, had sold the same to one Tom Leggett.   The deed was delivered on said date, but prior thereto Leggett had taken possession thereof and had begun the construction of a small dwelling house thereon for the purpose of making it his home. Leggett had married a niece of appellee.   On March 23, 1928, he purchased materials for the construction of his house from the Arkmo Lumber Company in the sum of $364.75, for which sum he executed his twelve promissory notes, each in the sum of $30.33 1/3, at 8 per cent. per annum from March 3, 1928.   Thereafter, on June 7, 1928, the lumber company filed a lien against said property. Leggett and his wife lived in the house after it had been completed about one month when Mrs. Leggett gave birth to a child and thereafter was very seriously ill.   During this time, Leggett deserted her and left for parts unknown.   Appellee, at the request of his niece, Mrs. Leggett, took her into his home and later to the hospital in Camden, where she received medical and hospital attention.   Appellee and other of her relatives paid her medical and hospital bills.   At the request of Mrs. Leggett, appellee paid the above-mentioned notes and interest thereon as they became due, thereby satisfying the lumber company lien against said property and he has paid all the taxes thereon since 1928, insurance on the house, had it painted, kept it in a good state of repair and rented it until Tom Leggett returned sometime in August, 1933,

Sometime after Mrs. Leggett's recovery, she went to Texas where she secured a divorce from Leggett in 1929 or 1930, never returning to Arkansas. On August 16, 1933, Leggett and his then wife executed and delivered to appellant a warranty deed to the property in controversy and on December 13, 1933, appellant brought this suit in ejectment against Ward Brown and Sarah Brown, tenants in possession of said property, claiming to be the owner thereof, in which he asked that the title and right of possession to said property be adjudged in him and that he be given judgment for the use and benefit of said property during the time it was in possession of said tenants, which was alleged to be $10 per month rental value. Appellee intervened in said suit and, together with said tenants, filed an answer setting up the matters hereinbefore stated, moved to transfer to equity and that the appellee Lewis' claim in the total sum of $410.69 be declared a lien against said property prior to any claim of appellant. The case was transferred to equity on appellee's motion where it was tried, resulting in a decree in appellee's favor for $369.52, less $243, rent collected by him prior to the filing of the suit, and $55 rent collected since the filing of the suit, on account of the lien of the lumber company paid by appellee, and the further sum of $99 paid for taxes, painting and insurance, for all of which appellee was entitled to a lien against the property prior to the rights of appellant. The court found that appellant purchased the property on August 16, 1933, was the owner and was entitled to recover possession thereof subject to the lien given appellee, and that appellant was entitled to a judgment against the Browns for the rent accruing subsequent to the filing of the suit, for which amount judgment was entered in his favor, from which there is no appeal.

For a reversal of this judgment, appellant first contends that appellee did not pay out any money except what he was bound to pay under his covenant of warranty in the deed he executed and delivered to Leggett. In other words, it is appellant's contention that appellee had started to improve the property, bought the materials and incurred whatever indebtedness there was to the

lumber company for the house that was built on the property, and that he should pay it under his covenant of warranty. The deed was executed March 8, 1928, but appellee says that he sold that property to Leggett in 1927, prior to the date of the deed, and that Leggett, himself, constructed the house. It is undisputed that the lumber company filed a lien on the property on a claim against Leggett. It is undisputed that Leggett executed his notes to the lumber company for the amount owed it. The necessary conclusion is, and the trial court found, that Leggett built the house instead of appellee and that it was Leggett's debt and not appellee's.

A further contention made by appellant in this regard is that if appellee paid the lien indebtedness, it was a voluntary payment, and he would not be subrogated to the rights of the lumber company because thereof. Appellee testified very positively that he paid these notes at the request of his niece, who was the wife of appellant, and that he paid same to protect her interest in the property. This testimony is undisputed. We do not think that appellee was a volunteer in paying this indebtedness. A somewhat similar contention was made in *Stephenson v. Grant,* 168 Ark. 927, 271 S. W. 974, where the court used this language: "Appellant insists, because there was no express agreement, that Mrs. Gaddis should be subrogated to the rights of Friedlander & Oliven Company when she advanced the money to pay the lien, and because the lien of Friedlander & Oliven Company was released instead of being assigned to her, she is not entitled in equity to be subrogated to the company's rights. Mrs. Gaddis was not a volunteer. *Rodman v. Sanders,* 44 Ark. 504. She was requested by the debtor to pay the vendor's lien and it is fairly inferable from all the facts that she, through her agent, and Turner Grant intended at the time that she should have the first lien on the land to the extent of the vendor's lien she was to pay."

The cases cited by appellant relative to this contention we do not regard as being in point with the facts here. It was also contended that appellee was a volunteer in the payment of taxes, but if he was not a volunteer in paying off the indebtedness of the lumber company

at the request of his niece, Leggett's wife, he would not be a volunteer in the payment of taxes because it was necessary that the taxes be paid in order to protect the lien which he had already acquired by the payment of the lumber company bill. Some question was raised regarding the good faith of appellant's purchase of the property and we think there is some force to the argument that he is merely claiming to be an innocent purchaser acting for Leggett. But the trial court found in his favor on this phase of the case, which is supported by the preponderance of the evidence.

It is next insisted by appellant that he was entitled to recover from appellee the usable value of the property while it was in the possession of Ward Brown and Sarah Brown, a period of 48 months at $10 per month. The undisputed evidence shows, however, that appellee has collected from the Browns only $55 since August 16, 1933, which amount, together with prior rents collected, was credited upon the judgment rendered herein. The court rendered a judgment against the Browns for $480 and they have not appealed. Perhaps they have already paid this judgment. Appellant sued only the Browns. Appellee intervened in the action and no relief was prayed against him in appellant's complaint. The court properly denied appellant a recovery against appellee in this regard.

Appellant next contends that the trial court erred in allowing appellee interest on the amounts he paid to protect the property from the liens against it, and in not allowing appellant interest on the rents appellee collected while he had possession of the property. Appellee admitted that he collected rent in the sum of $233 prior to the filing of this action. The deed from Leggett to appellant was dated August 16, 1933, and it did not contain any assignment of rents. Appellant was in no event entitled to the rents prior to the time he acquired the property, and the undisputed proof is that only $55 was paid after that time, so, at the most, there would be interest only on this $55. No interest was taken into consideration on the $64 paid out by appellee for taxes or the $15 for insurance, or the $20 for painting. There-

994

fore, appellant is in no position to complain about the failure of the decree to allow him interest on said rents.

We find no error, and the decree is accordingly affirmed.