## WALTHER v. STEWARD

(No. 2085; March 21, 1939; 88 Pac. (2d) 475)

162

For the defendant and appellant, the cause was submitted on the brief of *Cassius M. Eby* of Laramie.

164

For the plaintiff and respondent there was a brief and oral argument by *S. G. Parker* of Laramie.

RINER, Justice.

This case presents a direct appeal from a judgment rendered by the district court of Albany County. The material facts to be considered now and the course of the litigation in that court at present pertinent are briefly these:

The West Half of the Southwest Quarter of Section 15, Township 18, Range 74 West of the 6th P. M. in Albany County, Wyoming, was assessed for general taxes for the year 1923 to William M. Garrison of Salina, Kansas. This property was thereafter, in 1924, sold to Albany County for non-payment of these taxes. November 7, 1929, one Roger Juyn purchased from that County the property aforesaid and a County Commissioners deed therefor was authorized to be issued. The then County Clerk testified on cross-examination by counsel for appellant, in the course of the hearings subsequently to be mentioned, in connection with this matter, in response to the query whether he remembered delivering this deed to Juyn, that he thought the deed was delivered and that it was mailed to him at

Bosler, Wyoming, this recollection being based upon his custom of making deeds when one was called for. This instrument seems never to have been recorded.

Juyn thereafter took possession of the premises aforesaid, raised and cut hay therefrom, and placed improvements on the property in the form of fencing.

March 5, 1936, Juyn died and Walther, the plaintiff and respondent, was on that date appointed administrator of Juyn's estate.

On May 6, 1936, a duplicate quitclaim deed to said property was issued by the Board of County Commissioners of said County to Juyn, said deed being dated November 7, 1929, reciting a payment of $99.28 as the consideration therefor, and that it was "understood that this deed was issued in lieu of deed lost, which deed was originally issued November 7, 1929." This conveyance was recorded February 24, 1937, in Albany County, Wyoming. Defendant and appellant, Steward, obtained from W. M. Garrison and wife their quitclaim deed to these premises, said deed being dated May 8, 1936, and recorded in Albany County, Wyoming, May 13, 1936. Under this conveyance Steward took possession of the property and claimed ownership thereof.

August 17, 1936, an action was brought in the district court of Albany County by the plaintiff and respondent here to have the conflicting claims to these premises duly adjudicated. Issues were made up by the several pleadings of the parties, evidence was taken, and on August 5, 1937, the district court aforesaid entered its judgment that plaintiff take nothing by his action. After reciting that, "and it appearing further to the Court from the evidence herein, that the defendant, S. M. Steward, has not reimbursed, or offered to reimburse the plaintiff for the taxes paid by said plaintiff and his intestate, Roger Juyn, and it appearing further to the court that plaintiff claims that he is entitled to the benefit of the Occupying Claim-

ant's Act under the statutes of this state," it was also adjudged that the plaintiff might file within ten days from the date of the said judgment a "supplemental petition or an amendment to his petition, setting forth his claim under such Occupying Claimant's Act and for taxes paid," the defendant being given time to plead thereto, and upon the issues thus joined trial be had. No appeal or other review proceedings were instituted concerning this judgment by either of the parties.

On August 11, 1937, the plaintiff filed his pleading pursuant to the direction contained in the judgment aforesaid, said pleading being designated "Supplemental Petition," wherein he alleged "all jurisdictional facts, previously set forth in his original petition; that plaintiff's intestate had paid Albany County on November 7, 1929, for a deed to the property in question the sum of $99.28 and taxes in the total sum of $71.57; and that plaintiff's intestate had placed upon the property during his occupancy thereof fencing of the value of $125.00. August 23, 1937, the defendant and respondent, Steward, answered this pleading by a general denial for the most part, and claimed as a further defense rental on said lands for the period November 7, 1929, to March 5, 1936, in the sum of $60.00 per annum, or a total of $380.00.

November 17, 1937, a hearing was had of the issues arising upon these pleadings, and the evidence offered on the former hearing relating to the amount paid by plaintiff and his intestate for taxes and the value of improvements was offered and received by the court, as well as additional evidence on these matters and the issues raised by the pleadings filed subsequent to the judgment of August 5, 1937. December 20, 1937, the court rendered its judgment in favor of the plaintiff for $170.85, for taxes paid on said property by plaintiff and his intestate, with interest thereon, and $75.00 for improvements placed upon the property by Juyn. This

judgment also found that the defendant, Steward, was not entitled to recover any rentals as claimed. It is from this judgment the party last above named has appealed.

The contention is made for appellant that because the word "as" is omitted in the title of plaintiff's pleadings, the action is merely a personal one by Walther and not an action in a representative capacity of the deceased intestate, Juyn, and hence no cause of action is stated therein. No general demurrer to plaintiff's petition was at any time filed, but objection was first made prior to the introduction of part of the evidence presented to the court relative to the question now submitted here, that no cause of action was stated in plaintiff's petition.

In Robbins v. Barton, 50 Kan. 120, 31 P. 686, it was said:

"The rule in regard to the presumption which may be indulged in to sustain a petition, where the objection is made that it does not state facts sufficient to constitute a cause of action, after the issues have been made by answer, is quite well settled; and it has been held that a petition should be construed liberally, for the purpose of sustaining it. State v. School Dist. No. 3, 34 Kan. 237, 8 Pac. Rep. 208; Hazelton v. Bank, 32 Wis. 34."

To the same effect is Rodee et al. v. Seaman, 33 S. D. 184, 145 N. W. 441.

The same rule is stated in 4 C. J. 745, Section 2677, thus:

"Everything which by fair and reasonable intendment may be inferred from the averments of the petition, declaration, or complaint, will be presumed by the court, on appeal, especially where the sufficiency of the petition, declaration, or complaint was not tested by demurrer or otherwise, or where it was first attacked by an objection to the introduction of any evidence."

See also Fast v. Whitney, 26 Wyo. 433, 187 P. 192; Claughton, et al. v. Johnson, et al., 47 Wyo. 536, 41 P. (2d) 527.

In connection with uncontradicted proof by the plaintiff as a witness, in the record reading,

"Q  You are the plaintiff in this case as administrator of the estate of Roger Juyn, deceased?
A  Yes, sir.
Q  When were you appointed as such administrator, if you recall?
A  I think it was along about the 5th of March last year.
Q  You qualified and are such administrator now?
A  Yes, sir.",

may be considered the rule announced in Chicago, Burlington & Quincy Railroad Co. v. Pollock, 16 Wyo. 321, 93 Pac. 847, that:

"Where an amendment might have been allowed to correspond with the facts proven, a judgment will not be disturbed because no formal amendment was made. (Kuhn v. McKay, 7 Wyo. 42.)"

Additionally, in Moir et al., Executors, v. Dodson, 14 Wis. 279, it is said:

"This case differs very materially from that of Merritt v. Seaman, 2 Seld., 168, cited by the appellant's counsel. There the commencement of the declaration was the only part which contained any indication that the suit was brought by the plaintiff in any other than his individual capacity. The promises were all laid to him individually, and no mention was made of letters testamentary in the declaration of testimony. Here the death of the testator, the execution and probate of the will, the appointment of the plaintiffs as executors, the issuing of letters testamentary to them, and their qualification and acceptance of the trust, are all distinctly alleged in the body of the complaint. There can be no pretense, therefore, that the action is brought by them in their individual character, and that the complaint states no cause of action in their favor."

The Court of Appeals of Kentucky in *Quinn's Adm'r v. Newport News & M. V. Co.*, 15 Ky. L. 74, 22 S. W. 223, said:

"It is said, however, that the appellant fails to sue as administrator, and that the trust company, as such, is seeking to recover damages for an injury to one with whom it has no connection in any way. The petition, in its caption, fails to style itself as administrator, but that is not required, but the fiducial character in which the party sues must be stated in the body of the petition; and in this case, after reciting the facts constituting the cause of action, the plaintiff alleges that Quinn died intestate, a resident of Jefferson county, and the plaintiff was appointed by the county court to be, that it accepted and qualified as, and became and now is, the administrator of the estate of Joseph Quinn, deceased, and by reason of which the defendant has become liable, and bound to pay it the sum of $20,000. In our opinion, this is a sufficient statement of facts showing the recovery is sought by the administrator, and not in its individual right."

With the language of the two decisions last above cited may very well be considered the statement in 24 C. J. 821-822, Section 2065, that:

"But while it has been said that it is better pleading to describe plaintiff 'as executor' or 'as administrator' in the caption or commencement of the pleading, it is very generally held that it will be sufficient if the allegations in the body of the pleading show that plaintiff sues in a representative capacity. In other words, if the title of the action does not declare the character in which plaintiff sues, it may be supplied from the body of the declaration. It follows therefore that, although the caption or commencement describes plaintiff 'executor' instead of 'as executor,' the action will nevertheless be considered as brought in a representative capacity if the allegations of the pleading are sufficient to show such fact, and the same is the case, although the caption contains no descriptive words of any character."

Applying the principles announced by these authorities,

to the situation presented by the record at bar, we have no hesitation in saying that appellant's contention as described above is without merit.

So far as concerns appellant's objection that the subsequent pleading of the plaintiff was improperly designated a "supplemental" pleading because it dealt with facts known at the time the original petition was filed, there are several answers. Appellant did not seek to correct the form of the pleading, but filed an answer and went to trial of the issues without complaint, and thereby would appear to have waived the point. Further, in Mitter v. Black Diamond Coal Co., 28 Wyo. 439, 206 P. 152, this court has said: "It is well recognized that the name or title of the pleading or motion may be disregarded if its contents make its purpose so clear that no one is misled." See also State Board of Law Examiners v. Brown (Wyo.) 77 P. (2d) 626.

In this connection may properly be mentioned the case of Sanfleet v. The City of Toledo and The Toledo Electric Street Railway Co., 8 Oh. Cir. Dec. 711, where it was held that where rights have been modified or extinguished during the action and properly set up in a supplemental pleading the court might enter judgment upon the facts as they existed at the time of the hearing.

In the case at bar, the subsequent petition of the plaintiff was clearly filed after his asserted rights had been changed by the judgment of August 5, 1937, aforesaid. Whether the pleading of plaintiff be regarded as a supplemental one or as an amendment to his original petition would appear to be quite immaterial so far as the intrinsic rights of the parties are concerned. The outstanding fact remains that the issues were made up and tried, and we cannot perceive that either party was injuriously affected in any way by the mere designation of plaintiff's subsequent petition as a "supplemental" pleading.

It is claimed that proof of the cost of the fencing improvements made by Juyn on the premises was improperly made and that the true test was how much such improvements "increased the value of the property." In that connection, it is urged, also, that Steward testified without contradiction that the premises were increased in value only $40.00, while the judgment attacked awarded $75.00 therefor.

But in McDonald v. Rankin, 92 Ark. 173, 122 S. W. 88, it is stated:

"The reasonable cost in making the improvements, their deterioration, if any, or the reasonable cost of making them at the time of the recovery in their then condition, may well be taken into consideration in arriving at the value of such improvements."

In Gregory v. Peabody et al., 157 Wash. 674, 290 P. 232, the court said:

"It is contended in behalf of defendants that there was error, to their prejudice, in receiving evidence, over their counsel's objection, to show the construction cost and value of the improvements in question. It is argued that this was prejudicial error because of the rule stated in our decision in 153 Wash. 99, 279 P. 102, that 'the measure of damages is not what the prospective tenant expended, but the value of what the prospective landlord received by and through the tenant's expenditures.' This was but one item of proof tending to show to what extent the land was enriched by the improvements."

31 C. J. 337, Section 54, in discussing how the fact of improvements placed upon property enhanced its value might be proven says:

"In making such determination consideration should be given to the condition of the improvements at the time the land was recovered, their location on the land, the reasonable cost of the improvements, or the reasonable cost of making them at the time of the recovery in their then condition, and their deterioration, if any,

except such as occurs by providential visitation, after the occupant has been ousted."

The record in the instant case presents a number of matters which, together with the cost of fencing, the court had a right to consider in determining the enhanced value of the property, such as its rental value, the purpose for which it was used, the amount of hay that was obtained from the property, and its value. On some of these matters the evidence was in conflict. We are unable to say from the situation presented by the record before us that the court was in error in fixing the enhanced value of the property due to the improvements made by Juyn at $35.00 above what the appellant, Steward, himself said it was worth. Indeed, we rather think the result reached was about as accurate as it could be adjudged all things considered.

It is objected that Section 89-3909 W. R. S., 1931, of the Occupying Claimant's law of this State is not herein applicable because no deed or certificate of purchase was ever issued to the County of Albany, from whom Juyn purchased. That Section reads:

"The title by which the successful claimant succeeds against the occupying claimant, in all cases of lands sold for taxes by virtue of any law of this state, shall be considered an adverse and better title, under the provisions of the last section, whether it be the title under which the taxes were due, and for which the land was sold, or any other title or claim; and the occupying claimant holding possession of land so sold for taxes, having the deed of a collector of taxes or county treasurer therefor, or a certificate of such sale from a collector of taxes, or a county treasurer, or claiming under the person who holds such deed or certificate shall be considered as having sufficient title to the land to demand the value of improvements under the provisions of the last section."

But no deed was necessary to pass title if any could properly have been transferred. The law itself oper-

ated to effectuate such a transfer. Barrett v. Barrett, 46 Wyo. 95. Construing this statute in its entirety and liberally "in order to promote its objects and assist the parties in obtaining justice" (Section 89-102 W. R. S., 1931) we think that it applies in a case such as we have before us.

In Cox v. McDivit, 125 Mo. 358, 28 S. W. 597, the court asserted in regard to statutes of this character:

"While this proceeding is purely statutory, the remedial provisions of the statute have ever been liberally construed, in order to an equitable and fair adjustment of the rights of the parties. Stump v. Hornback, 94 Mo. 26, 6 S. W. 356; Id., 109 Mo. 274, 18 S. W. 37, and cases cited."

That the Occupying Claimant's statute is in derogation of the common law should not be viewed as controlling so as to produce a strict construction, see Section 89-102, supra. We hardly think that the Legislature intended to make a distinction between cases where the law itself operated automatically to transfer title and where an actual conveyance or certificate of purchase was required, as was the case in after years subsequent to the tax sale referred to above. It is urged that a deed should have been given the County by the Treasurer pursuant to the provisions of Chapter 68, Laws of Wyoming, 1929, but the concluding Section 4 of that Chapter expressly limited the amendments made thereby so that they should "not apply to any sales made prior to May 1, 1929."

Appellant also insists that Juyn's purchase from the County was not in good faith because he could have learned from an inspection of the records that the County never had a good title. We are unable to see that this is so. The County Commissioners of the County evidently thought the County held a good title under the tax sale, otherwise they undoubtedly would never have authorized the issuance of a deed to Juyn.

He paid them the full purchase price required for the conveyance, he went upon the premises, improved them and used them for over six years, without his possession or title being questioned in any way by anyone. If the argument of appellant should be approved, it is difficult to see that any person who holds a defective tax title could ever be regarded as other than a purchaser in bad faith. Certainly the County records and the law, of which everyone is chargeable with knowledge, usually disclose such defects.

It is finally contended that Steward was entitled to affirmative relief for the use and rental value of the lands by Juyn from the time he purchased the property from the County until his death, although Steward obtained merely a quitclaim deed from the Garrisons and no assignment of accrued rent or rent claimed to be due. This argument, also, we are obliged to disapprove. We are inclined to agree with the following authorities:

In Konopka v. Cislo, 258 Mich. 615, 242 N. W. 786, the court, discussing the point involved in the foregoing objection presented in the instant case, said:

"It is simply a question of the plaintiff's right to recover the rents which were due at the time the chancery decree was entered. The decree stands in lieu of a conveyance. It has the same effect as though a conveyance were voluntarily made. It carries all the interest the Stanges had in the property, including the rents to become due which are treated as an interest in land. But the right to the rents which are already due does not pass with the conveyance unless so stipulated. Tiffany, Real Property, vol. 2, § 407."

The Supreme Judicial Court of Massachusetts in Codman v. American Piano Co., 229 Mass. 285, 118 N. E. 344, declared that:

"When rent from land has become due, it is personal property; it is a chose in action and does not pass by a conveyance of the land. Burden v. Thayer, 3 Metc. 76; 37 Am. Dec. 117."

In the course of its opinion in Barber v. Watch Hill Fire District, 36 R. I. 236, 89 A. 1056, Ann. Cas. 1916D 191, the court remarked:

"This brings us down to the single question as to whether the transfer of the reversion carried to the assignee the right to rents already accrued. We do not think it did. The great weight of authority is that the transfer of the reversion will not carry rents already accrued but only such as have not yet become due."

See, also, Ann. Cases 1916D, Note Page 199; Stephenson v. Patton, 86 Kan. 379, 121 P. 498, Ann. Cas. 1913C, 360; Elgin City Banking Co. v. Hancock, 183 Ill. App. 23; Cates v. Greene, 114 S. W. (2d) (Tex. Civ. App.) 592; Robertson v. Lewis, 195 Ark. 989, 115 S. W. (2d) 264; 2 Tiffany Real Property (2d Ed.) 407, Page 1470; 2 Thompson Real Property, Sec. 1659, Page 862.

Finding no prejudicial error in the record, the judgment will be affirmed.

*Affirmed.*

KIMBALL and BLUME, JJ., concur.