In the Matter of Arbitration Between OIL, CHEMICAL & ATOMIC WORKERS UNION, LOCAL 2-230, Appellant (Respondent below), and GREAT LAKES CARBON CORPORATION, Appellee (Movant below), Involving Darnell O. Coates.

No. 3085.

Supreme Court of Wyoming.

Dec. 13, 1962.

John R. Tadlock and Raymond B. Whitaker, Casper, for appellant.

Frederick G. Poeter, New York City, and Edward E. Murane, of Murane, Bostwick & McDaniel, Casper, for appellee.

Before PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

On December 21, 1960, the Great Lakes Carbon Corporation filed in the district court a motion asking for the vacation of an arbitrator's award concerning a controversy between the corporation and the Oil, Chemical & Atomic Workers Union. The arbitration was undertaken because of an agreement executed by the corporation and the union on March 6, 1959, providing, inter alia, for this type of grievance settlement. The agreement was effective from the final date of execution until September 30, 1960. There was nothing before the trial court concerning the facts upon which the controversy arose except the recitation of the arbitrator that:

Darnell Coates was hired by the corporation as a laborer in October 1956 and during the following winter advanced to the classification of utility man. On May 19, 1958, he was injured on the job while lifting, received examination and treatment by a physician, but suffered no lost time. X rays revealed that he was suffering from a congenital spinal condition known as spondylolisthesis, which consists of the failure of nature to provide necessary connections between the vertebrae. He was again injured April 29, 1959, when he slipped and fell during work. On May 3 or 4, 1959, a spinal-fusion operation was performed at the local hospital. He convalesced at home until December 1959, during which time it was found that the operation was not completely successful. He returned to work in December and was placed in the general labor classification. On December 18 he suffered a muscular spasm while pushing or lifting a desk, reported to the doctor, and then took a two-week vacation. Upon returning to work, a grievance (previously filed, requesting reinstatement in his job as a

utility man) was resolved, and he was restored to his former classification on which job he continued until April 11 when his work was terminated by the corporation for the reason that he could no longer perform the duties of utility man and the company had no light work for him. During the period when he was injured, Coates applied for and received 25 percent permanent partial disability under the workmen's compensation law.

The award which was the subject of the motion in the trial court required Coates to be reinstated to his former job of utility man with all the rights to which he would have been entitled had he not been discharged and to be reimbursed for all pay lost as a result of the dismissal.

The original filing before the trial court was in the form of a "Motion" wherein it was said to have been "made within the provisions of Section 1–1040 of Wyoming Statutes 1957 and subsequent sections of said Statutes [originally c. 96, S.L. of Wyoming, 1927]." The fact that the proceeding was initiated as a motion under the mentioned statutes was emphasized repeatedly during the hearing by both court and counsel, appellant being insistent that the matter was before the court for a limited purpose only as permitted by statute, and moreover, that the court did not have before it the full record.

Following the argument on the motion, briefs were submitted, and the trial court, some time after receiving these, requested additional authority concerning jurisdiction. To this the appellee responded, discussing the Uniform Arbitration Act of 1927 (c. 96, S.L. of Wyoming, 1927) and its successor, c. 116, S.L. of Wyoming, 1959, and saying:

" * * * jurisdiction cannot be conferred by either of the above-men-

tioned arbitration acts. The 1927 Act applies only to agreements to arbitrate under the statute disputes in existence at the time the agreement was executed. (The agreement in question was one to arbitrate disputes arising in the future.) and the 1959 Act applies only to such agreements executed subsequent to the effective date of the Act.

"Therefore, the Court must look to the common law for its jurisdiction and to the Wyoming Rules of Civil Procedure to determine whether or not its jurisdiction, if it exists, has been effectuated insofar as this particular matter is concerned."

The trial court entered a judgment setting aside and vacating the award and the union has appealed. It is evident that the question of jurisdiction was always paramount since the court previously expressed doubt on the point and in the judgment stated, "both parties hereto have appeared and jointly agreed to the jurisdiction of the Court herein, and agreed to be bound by the judgment of this court on the matter submitted to it." We need not consider the applicability of the oft expressed rule that "Neither jurisdiction of the subject-matter nor jurisdiction to render the judgment can be conferred by waiver," Kingen v. Kelley, 3 Wyo. 566, 28 P. 36, 15 L.R.A. 177, since this statement of agreement concerning jurisdiction is not borne out by the remainder of the record, and on the contrary the appellant throughout the hearing objected strenuously to jurisdiction for any purpose except the ruling upon the motion.

■■■ We turn then to the first question before us, Under the state of the record, did the trial court have authority to set aside and vacate the award? This court at the time of the oral argument, raised the matter

of the trial court's jurisdiction and suggested the filing of supplemental briefs on that subject. Appellee in its response quoted from Padlock Ranch, Inc. v. Washakie Needles Irrigation Dist., 50 Wyo. 253, 60 P.2d 819, 61 P.2d 410, 411, 412, as to the factors necessary to confer jurisdiction:

> "One is that the tribunal must have general power over matters of the kind involved in a particular case. * * * The particular proceeding must, further, be initiated in some sufficient manner. * * * To give the tribunal the power to hear and determine the cause * * * something more, of course, is essential; namely, notice to the parties interested. That notice confers jurisdiction over the parties, and, if it is insufficient but they make a *general appearance,* the insufficiency is waived * * *." (Emphasis supplied.)

According to the Padlock case, general appearance is essential, and it could scarcely be contended that appellant's response to appellee's motion in the present case constituted such a general appearance.

It is argued, on the authority of State Board of Law Examiners of Wyoming v. Brown, 53 Wyo. 42, 77 P.2d 626, and Walther v. Steward, 54 Wyo. 160, 88 P.2d 475, that a failure to designate the pleading as a complaint is immaterial and that the name or title of the pleading may be disregarded if the contents make its purpose so clear that no one is misled. This argument in its wording defeats the purpose for which it is made since the appellant here was obviously misled in thinking that the court would address itself solely to the motion.

It is insisted that Rule 3(a), Wyoming Rules of Civil Procedure, provides that a civil action is commenced by the filing of a complaint with the court, that Rule 8(a), Wyoming Rules of Civil Procedure, defines a complaint as a pleading which sets forth a claim for relief containing a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief to which

he deems himself entitled, and that the motion filed in this case constituted a complaint. Under the circumstances here outlined, such an interpretation is unwarranted.

The main point emphasized below was appellee's challenging of the award on the ground that the arbitrator had made a mistake of law in finding that the company was estopped from and had waived its right to terminate Coates' employment for the reason stated since the company had previously given him an opportunity to return to his former job. It may be well to observe that the arbitrator did not at any time use the word "estopped" so that any attributing of the employment of this principle to him is one of interpretation by counsel. Although this aspect was discussed at some length in the findings and award, the following excerpt will illustrate the arbitrator's philosophy:

> "If the physical condition of Mr. Coates was the only factor to be considered, the position of the company would have to be upheld. However, its action in reinstating him to his job following the filing of the earlier grievance and then dismissing him shortly thereafter appears to be somewhat inconsistent. * * *"

Appellee urges that if the arbitrator intended his decision to be based on a legal rule, had mistaken the rule, and this appeared either on the face of the award or by a statement of the arbitrator, then the court may review such mistake and set aside the award, citing Collingswood Hosiery Mills v. American Federation of Hosiery Workers, 31 N.J. Super. 466, 107 A.2d 43. We think this matter should be pursued further. The Collingswood case was decided by the New Jersey court in 1953. In 1960 the same court had occasion to consider the identical question in William J. Burns International Detective Agency, Inc. v. New Jersey Guards Union, Inc., 64 N.J.Super. 301, 165 A.2d 844, 849, and therein said:

> "Our cases have held that an arbitrator's award will not be disturbed unless

the arbitrator has made either a mistake of fact, apparent upon the face of the award or admitted by the arbitrator, or a mistake of law in a situation where the arbitrator clearly intended to decide according to law and misstated the legal rule. [citing authority, including the Collingswood case] It is manifest from the arbitrator's opinion accompanying his award that he was not purporting to apply any rule of law. Rather, he was attempting to balance the equities involved in order to arrive at a fair result, and this is what the parties bargained for in their agreement to arbitrate. * * * "

This statement is particularly applicable in the present case.

We hold that the trial court was without jurisdiction to render the judgment herein, and the same must be reversed.

Reversed.