**ALTHOFF, INC., d/b/a Althoff Construction Company, and Weldon J. Althoff, Appellants (Plaintiff and Third-Party Defendant),**

v.

**IFG LEASING COMPANY, Appellee (Defendant and Third-Party Plaintiff).**

**No. 84–311.**

Supreme Court of Wyoming.

Aug. 19, 1985.

S.B. Freeman, III, of Bormuth, Freeman & Fuller, Cody, for appellants.

David W. Edwards, of Edwards and Edwards, Cody, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN, and CARDINE, JJ.

ROONEY, Justice.

This is an appeal from a district court modification of an arbitration award. The appellants, plaintiffs below, raise the following issues:

(1) Did the district court have authority to modify the award of the arbitrator?

(2) If so, did the district court err by increasing said award to the appellee?

We affirm.

Arbitration resulted from an arbitration clause in a lease of two Oshkosh diesel trucks. Western Equipment Company approached McKamey Trucking and Concrete in an effort to sell the two trucks, but McKamey was financially unable to make the purchase. Sometime thereafter, appellant Weldon Althoff, who owned a substantial portion of appellant Althoff, Inc. (both hereinafter referred to as "appellant"), purchased one-half interest in McKamey. Still later, Western Equipment Company contacted McKamey again about a sale of the trucks. Because of McKamey's financial condition, a deal was finally struck whereby appellee IFG Leasing Company would purchase the trucks from Western Equip-

ment Company, and lease them to appellant. Appellant would in turn lease them to McKamey. The present lawsuit arose when, after a number of payments had been made, appellant learned that the trucks were 1977 models, not 1979 models as represented, and that appellee was treating the lease as a straight lease and not as a lease-purchase. Consequently, appellant stopped making payments and appellee repossessed the trucks and eventually sold them at a private sale.

Appellant brought suit in district court against IFG Leasing and Western Equipment Company alleging mutual mistake and fraudulent misrepresentation in connection with the lease and praying for equitable relief. Appellee-defendant, IFG Leasing Company, denied that there was any mutual mistake or fraud, and filed a counterclaim against appellant-plaintiff and a cross-claim against defendant Western Equipment Company.[1] Also in appellee's answer, the arbitration clause of the lease was invoked. The district court thus stayed further proceedings until arbitration proceedings could be completed.

The arbitrator's award read in part as follows:

"The evidence showed that Althoff was using the leasing device as an alternative to financing. Accordingly, guidance shall be sought to resolve the dispute, in W.S. Section 34–21–201, *et seq.* Under W.S. Section 34–21–293, Althoff has a remedy for any non-conformity of tender. Under W.S. Section 34–21–270, IFG Leasing Company has a remedy for the contract price.

"Accordingly, IFG Leasing is awarded the remaining balance represented by the 'accounts receivable balance' amounting to $123,909.28, which, after discounted for present value, amounts to $93,000.00. Other elements of the claim of IFG Leasing Company are denied.

---

1. When judgment was finally entered between Althoff, Inc. and IFG Leasing, the district court made the express determination pursuant to Rule 54(b), W.R.C.P., that the judgment was a final one for purposes of appeal. Western Equipment Company's role in this lawsuit is thus not dealt with in this appeal.

"Althoff, Inc., d/b/a Althoff Construction Company, is entitlted [sic] to an offsetting award of $25,000.00 arising from nonconformity of tender.

"The evidence further showed that the vehicles were sold for $40,000.00, and this amount should be a further offset against the award to IFG Leasing Company. Accordingly, after taking into account the offsets, IFG Leasing Company is awarded the amount of $28,000.00.

"The counterclaims of Althoff, Inc., d/b/a Althoff Construction Company, against IFG Leasing Company are rejected, and no award shall be made in favor of Althoff, except to the extent noted in the offset mentioned above.

"The fees and expenses of the American Arbitration Association shall be borne by IFG Leasing Company and paid as directed by the American Arbitration Association.

"The cost of maintaining a court reporter shall be borne equally by IFG Leasing Company and Althoff, Inc., d/b/a Althoff Construction Company.

"This award is in full settlement of all claims submitted to this arbitration."

Appellee applied to the arbitrator for a modification of the award and appellant objected. The modification was denied. Appellee then filed a motion with the district court, asking for a modification or a correction or a vacation of the award. Appellant filed an application to confirm the award, and objection to the motion of appellee to modify it.

As stated in the decision letter of the district court:

"Defendant asserts the arbitrator made an evident miscalculation of figures in offsetting twice the amount realized from the private sale of the vehicles.

"The arbitrator found Defendant was entitled to 'the remaining balance represented by the "accounts receivable balance" amounting to $123,909.28', discounted to a present value of $93,000.00, less an offset of $25,000.00 to Plaintiff for nonconformity of tender, less a further offset of $40,000.00, the amount for

which the vehicles were sold. It is this last offset for which Defendant complains, asserting that the $123,909.28 figure already reflected a credit for the amount realized on the sale of the two trucks."

The district court agreed that the $40,000.00 proceeds from the private sale had already been taken into account in the $123,909.28 figure, and so increased the arbitrator's award by $40,000.00, for a total of $68,000.00. This appeal followed.

## AUTHORITY TO MODIFY

■ We have consistently expressed the view that arbitrations are favored, *Matter of Town of Greybull,* Wyo., 560 P.2d 1172 (1977); *Riverton Valley Electric Association v. Pacific Power and Light Company,* 391 P.2d 489 (1964), and we are reluctant to disturb arbitrators' just solutions to controversies, *Riverton Valley Electric Association v. Pacific Power and Light Company,* supra; *Oil, Chemical & Atomic Workers Union, Local 2–230 v. Great Lakes Carbon Corporation,* Wyo., 376 P.2d 640 (1962).

However, there are some situations wherein a district court must modify an arbitrator's award. Section 1–36–115 of the Uniform Arbitration Act, § 1–36–101 et seq., W.S.1977, states in part:

"(a) Upon application made within ninety (90) days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

"(i) There was an evident miscalculation of figures or an evident mistake in the description of any person or property referred to in the award;

"(ii) The arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

"(iii) The award is imperfect in a matter of form, not affecting the merits of the controversy.

"(b) If the application is granted, the court shall modify and correct the award

as to intent and shall confirm the award as so modified and corrected. Otherwise the court shall confirm the award as made."

The district court found in its decision letter that:

"In this case, the asserted miscalculation is 'patently clear' to the reviewing court. The figure of $123,909.28 is obviously taken from exhibit C–42 and comparing this with the figures contained on exhibit C–31, it is equally obvious that credit had already been given for the proceeds from the sale of the vehicles."

■ If there was here an "evident miscalculation of figures," the court not only had the authority to modify the award, but the statute directs that it "shall" do so.

### INCREASE OF AWARD

The second issue as worded by appellant is answered by the first issue and vice versa. If there was an "evident miscalculation of figures," thus increasing the award, the court had not only the authority, but it had the statutory duty to increase the award. Conversely, if the court did not err in increasing the award it follows that there was an "evident miscalculation of figures," and the court had a duty to modify the award.[2]

The evidence before the arbitrator confirmed the finding of the court that there was a duplication of figures in the arbitrator's calculations. The arbitrator found the lease to be a contract which was breached by appellant when the promised payments were not made. As damages, he awarded appellee the balance remaining to be paid under the lease, reduced to present value. He then allowed an offset for non-performance of tender, i.e., for not furnishing the trucks of the vintage promised.

Finally, he allowed an offset of $40,000.00 for that received by appellee for sale of the vehicles. Obviously, the arbitrator treated the agreement as a lease-sale with the trucks becoming the property of appellant upon completion of the lease term.

The contest results from a contention by appellee that the offset of $40,000.00 was improper inasmuch as the figure used by the arbitrator for the balance remaining to be paid under the lease had already been reduced by $40,000.00 for sale of the trucks.

The record on appeal does not contain a transcript of the proceedings before the arbitrator which may have reflected an explanation of the exhibits. The record does contain Exhibit C–31 reflecting payments made on the account with an accounts receivable balance after each payment. It reflects the final balance to be $162,732.64. The arbitrator used the figure of $123,909.28 as the balance to be paid. This figure is reflected on Exhibit C–42, a handwritten computation of figures, including those for sales tax and other costs such as repossession expense, accrued service charges, default interest, etc.—not allowed by the arbitrator. Accordingly, we cannot disagree with that said by the trial court in its opinion letter and quoted above.

We will not concern ourselves with the fact that the difference between $162,732.64 and $123,909.28 does not equal $40,000.00. The approximately $1,200.00 which the difference is short of $40,000.00 may result from sales tax computation or some of the other adjustments made by the arbitrator. There is no argument that the offset for sale of the vehicles was $40,000.00. We cannot say from the record before us

---

**2.** Although the pertinency of the argument is not apparent, appellant would have us review this matter as if it were an appeal from an administrative action. It is not. The appeal is not in connection with an agency action. Section 16–3–101(b), W.S.1977, reads in part:

"(i) 'Agency' means any authority, bureau, board, commission, department, division, officer or employee of the state, a county, city or town or other political subdivision of the state, except the governing body of a city or town, the state legislature and the judiciary."

The Uniform Arbitration Act provides in § 1–36–119(b) that appeals shall be taken in the manner of a civil action. Further, as noted, § 1–36–115 limits and specifies the extent of the district court's review of an arbitrator's award.

that the trial court did not modify the award in the proper amount.

Affirmed.